269 F.2d 126
 James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,
v.
E-Z WAY TOWERS, INC., et al., Appellees.
James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,
v.
E-Z WAY ERECTORS, INC., et al., Appellees.
 No. 17551.
 No. 17552.
 United States Court of Appeals Fifth Circuit.
 July 30, 1959.
 
 Robert E. Nagle, Attorney, Department of Labor, Bessie Margolin, Asst. Sol., Dept. of Labor, Washington, D. C., Stuart Rothman, Solicitor, Attorney, United States Department of Labor, Washington, D. C., Beverley R. Worrell, Regional Attorney, Birmingham, Ala., for appellant.
 Paul B. Johnson, Tampa, Fla., for appellees.
 Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.
 JOHN R. BROWN, Circuit Judge.
 
 
 1
 These cases raise questions limited to the sufficiency of pleadings.
 
 
 2
 E-Z Way[1] is a Tampa, Florida organization engaged in the production, sale and installation of radio and television towers for use in transmitting and receiving broadcasts. The Secretary's complaint for injunction charged E-Z Way with failing to pay the minimum statutory wage for regular and overtime hours, failing to keep records of their employees' wages and hours, and for selling goods manufactured under such conditions in interstate commerce.[2] Fair Labor Standards Act §§ 7, 15(a) (1), 15(a) (2), 15(a)(5) 17, 29 U.S.C.A. § 201 et seq.
 
 
 3
 To this E-Z Way replied with a "Motion for more Definite Statement"[3] requesting particulars as to the employees, weeks, and records involved, and a "Motion to Dismiss" based thereon.[4] This Motion contained two theories: that the Complaint (1) "fails to state a claim" and that it (2) "fails to allege in reasonable detail" the violations charged.
 
 
 4
 While it appears that both motions were before the Court, it is certain that the Court granted only the Motion to Dismiss for failure to state a claim.[5] Any doubt on that score is eradicated by the Court's action following the Secretary's formal election to stand on the Complaint rather than amend as permitted under the initial order, note 5, supra. As a consequence of this the Court entered a final order of dismissal.[6] This was expressly "on the ground that the Complaint fails to allege in reasonable detail and in specific terms and specific acts the manner in which the defendants have violated the provisions of the Fair Labor Standards Act and thus fails to state a claim on which relief can be granted, * * *." This was, in turn, the exact language of paragraph 2 of the Motion to Dismiss, note 5, supra.
 
 
 5
 As an order of dismissal for failure to state a claim it cannot stand. Testing the complaint — as filed and on which the Secretary with propriety claimed a right to stand — it meets the standard so frequently repeated by us and now so recently reiterated in the most positive terms. "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 1957, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.
 
 
 6
 In this light the complaint charges that (a) defendants have employees who are engaged in interstate commerce, (b) that some employees are required to work in excess of 40 hours per week without being paid statutory overtime, (c) others are paid less than the statutory minimum, and that (d) records are not kept with sufficient accuracy to reflect these facts concerning the employees. If evidence is brought forward showing (a) plus (b), (c), (d), or any one of them, the Fair Labor Standards Act would compel a finding and decree for the Secretary leaving to the Court's informed discretion the scope and nature of the precise relief to be granted. Mitchell v. Hodges Contracting Co., 5 Cir., 1956, 238 F.2d 380.
 
 
 7
 The defendants, and apparently the Trial Court, have confused the proper function of the motion to dismiss for failure to state a claim, F.R.Civ.P. 12(b), 28 U.S.C.A., and the motion for more definite statement under Rule 12 (e). The former allows of no discretion in the usual sense. The complaint is either good or not good. The motion for more definite statement, on the other hand, involves, within the applicable standards of that rule, the exercise of that sound and considered discretion committed unavoidably and properly to the Trial Judge as he presides over the continuous process of adjudication from commencement of the litigation through pleadings, pretrial discovery, trial, submission and decision.
 
 
 8
 Under 12(e) the Court must determine whether the complaint is such that "a party cannot reasonably be required to frame a responsive pleading." But the fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of that rule, might so conclude does not permit him to dismiss the complaint for failure to state a claim. "It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing his action. * * *." Glus v. Brooklyn Eastern District Terminal, 1959, 359 U.S. 231, 79 S.Ct. 760, 763, 3 L.Ed.2d 770, 774.
 
 
 9
 The motion to dismiss, and particularly paragraph 2, note 4, supra, substantially paraphrases like contentions made that "* * * the complaint failed to set forth specific facts to support its general allegations * * * and that * * dismissal [was] therefore proper," which the Court rejected in Conley v. Gibson, supra, 355 U.S. 41 at page 47, 78 S.Ct. at page 103. To this the Court replied in words which are both authoritative and apt for our case. "The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is `a short and plain statement of the claim' that will give * * notice of what the plaintiff's claim is and the grounds upon which it rests. * * Such simplified `notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedure established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41 at pages 47-48, 78 S.Ct. at page 103.
 
 
 10
 There is more than a mere procedural distinction between the motion to dismiss for failure to state a claim and the motion for more definite statement. The difference is fundamental as this case testifies. If the claim is dismissed because it is too vague or because the plaintiff is unable to supply the details, none of the machinery of discovery whose function it is to ferret out facts and delineate issues before trial can be utilized. On the other hand, with the complaint declared sufficient against a motion to dismiss, the parties, both plaintiff and defendant, are assured both the right fully to exploit the flexible rules of discovery which will disclose in advance of trial what the case is all about and, more important, the full protection of a careful District Judge in the exercise of his wise and considered discretion as the case progresses toward the climax of trial and judgment. And, except for brief periods of 10 or 20 days following the commencement of an action when leave of Court is required, discovery mechanisms of interrogatories, requests for admissions, motions to produce and oral depositions are not contingent upon the state of the pleadings or any necessity for the case to be at formal issue. F.R.Civ.P. 26-37, 28 U.S.C.A.
 
 
 11
 In addition, by its very nature, a ruling granting or denying a motion for more definite statement is interlocutory in character. It is not appealable as such and must await the final decree with the likely consequence that it will wash out in the trial. If it survives, or if under some unusual circumstances which might make the ruling dispositive and hence open for certification and acceptance as an appealable interlocutory order, 28 U.S.C.A. § 1292(b), or if an obdurate plaintiff suffers a punitive dismissal for failure to comply with an order granting a motion for more definite statement, the party complaining will have the heavy burden of demonstrating an abuse of the Trial Court's discretion.
 
 
 12
 While Judges Tuttle and Brown agree that, procedurally, questions regarding the defendant's motion for more definite statement are not now before us, they also agree with Judge Hutcheson that if we ignore them nothing of procedural substance will have been accomplished by the present appeal. We therefore deem it appropriate to express the view that the Trial Court should not have granted the order and should it hereafter do so upon remand it would be error.
 
 
 13
 Appellant joins with appellee in urging that we pass on the correctness of the Trial Court's order on the motion for more definite statement. Not only from the presentation in appellant's brief, but also by reflection on the nature of the complaint before us, we conclude that there is here a matter of real procedural substance that at some stage of the litigation must be resolved.
 
 
 14
 If an employer is thought by the Secretary of Labor to be violating the wage and hour provisions of the Fair Labor Standards Act, the most effective way in which the employee can be protected is by the obtaining of an injunction; Mitchell v. Lublin McGaughy & Assoc., 1959, 358 U.S. 207, 215, 79 S.Ct. 260, 3 L.Ed.2d 243, quoted by us in Mitchell v. Strickland Transportation Co., Inc., 5 Cir., 1959, 267 F.2d 821, or an early declaration of the question of coverage, records, compliance, etc.
 
 
 15
 Upon the filing of a suit seeking an injunction, of course, the filing of defensive pleadings is essential to the Trial Court's fair consideration of the motion for preliminary injunction. Moreover, there are doubtless many cases in which, because of its possession of the records of employment and payrolls and knowledge of its own operations, the defendant in the good faith required by the signing and filing of pleadings, F.R.Civ.P. 11, must admit coverage or violations or both. Upon such admission, of course, the likelihood of the issuing of a preliminary injunction or suitable declaratory order is greatly enhanced. If the time for filing defensive pleadings can be put off, as follows from the filing of a motion for more definite statement, any violations, if such exist, can continue without any effective protection for the employee so much the longer. And in any case, the time of likely trial will be postponed since most trial courts fix dockets on the basis of the case being at issue.
 
 
 16
 In such a situation it becomes important that great care must be used in passing on a motion for definite statement. In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose. Of course, the filing of defensive pleadings is not postponed by proceeding under these other rules.
 
 
 17
 The Rule provides simply, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move * * *." (Emphasis added.) Before the 1948 amendment the Rule was broader in form. It read that a party might "move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial." (Emphasis added.)
 
 
 18
 Reference to the "bill of particulars" and the preparation for trial was left out of the amended Rule. Moreover the words "definiteness" and "particularity" were changed. This was because these matters could be better handled under the discovery rule. As much had been decided by substantially all of the trial courts that had passed on the matter, even before the Rule was amended. See discussion of the history of the Rule and its application in 2 Moore, Federal Practice No. 12.01, p. 2215, and No. 12.17, p. 2278 et seq. (1948), and see 1 Barron & Holtzoff, Federal Practice and Procedure, § 255 (1950, and 1958 Wright Supplement).
 
 
 19
 There is, of course, a paucity of appellate court cases dealing with this matter because unless a plaintiff stands on his refusal to comply with an order to make a more definite statement and the complaint is thereupon dismissed, no appealable order results. On the other hand, the error in ordering it becomes immaterial after it has been complied with. There are numerous cases in the district courts in which the policy requiring the restricted application of this rule is made clear. See cases cited in the two texts above referred to and see Millsap v. Lotz, D.C.W.D.Mo., 1950, 10 F.R.D. 612; Blane v. Young, D.C.N.D.Ohio, 1950, 10 F.R.D. 524; Granger v. Shouse, D.C.W.D.Mo., 1950, 10 F.R.D. 439.
 
 
 20
 Now, as to the application of the Rule to the case before us. We have the complete records; we have the complaints, the essential features of which are set out in this opinion; we find no statement or testimony adduced on the hearing on the motion to indicate why the defendants, from their knowledge of their own records and payrolls as well as their operations, would be unable to either admit or deny the allegations concerning coverage and violations. On the record, there is nothing for the Trial Court's discretion to operate on. It is too plain to require elaboration that if the defendants did not in good faith believe that they had violated the act, or that their operations were subject, in whole or in part to the Act, they could say so by denying the allegations in the complaint, and an issue would be drawn. The same would be true if they entertained a genuine doubt whether from uncertainty in the interpretation of the law or the underlying facts as to coverage of one or more employees, or compliance either with record keeping or payment of requisite wages. More especially if they believed they had violated the Act they could say so, and they should be required to do so. As to any specific cases as to which the Secretary contended there was coverage and had been violations which the defendants wished to get further information about, they would have ample opportunity to follow Rules 26-37 for discovery. It was just such detailed evidentiary information which defendants sought in their motions, see note 3, supra (especially par. 2(a), (b) and par. (a) (b) of the prayer). This evidentiary detail was neither a proper part of the complaint under F.R.Civ.P. 8 nor was it needed to frame a response under Rule 12(e).
 
 
 21
 As a consequence the cause must be reversed and remanded for further and not inconsistent proceedings.
 
 
 22
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 Both appellees are referred to jointly as E-Z Way. Clarence Jax, a joint appellee in both Nos. 17551 and 17552, is President and Treasurer of both corporations
 
 
 [2]
 The Complaint in No. 17551 contained these paragraphs:
 "V.
 "At all times hereinafter mentioned, defendants employed, and are employing approximately twenty-one (21) employees in and about their said place of business in Tampa, Florida, in the production, sale and distribution of radio and television towers. A substantial portion of the radio and television towers so produced has been, and is being, shipped, delivered, transported, offered for transportation and sold in commerce, and shipped, delivered or sold with knowledge that shipment, delivery or sale thereof in commerce is intended from defendants' said place of business to other states, and thus said employees have been, and are, engaged in the production of goods for commerce within the meaning of the Act.
 "VI.
 "During the period since July 27, 1956, the defendants repeatedly have violated, and are violating, the provisions of Sections 7 and 15(a) (2) of the Act by employing some of their employees in the production of goods for commerce, as aforesaid, for workweeks longer than forty (40) hours without compensating the said employees for their employment in excess of forty (40) hours in said workweeks at rates of pay not less than one and one-half times the regular rates at which they were employed."
 The Complaint in No. 17552 contained these paragraphs:
 "V.
 "At all times hereinafter mentioned, defendants employed, and are employing, approximately sixteen (16) employees at various points in Florida and in other states in the assembling and erecting of radio and television towers, which towers are used in transmitting and receiving interstate radio and television broadcasts and constitute integral parts of existing and essential instrumentalities of interstate transmission and communication. Thus said employees have been, and are, engaged in commerce within the meaning of the Act.
 "VI.
 "During the period since November 3, 1956, the defendants repeatedly have violated, and are violating, the provisions of Sections 6 and 15(a) (2) of the Act by employing some of their employees in commerce, as aforesaid, at rates of pay less than one dollar ($1.00) an hour."
 Both contain an identical paragraph VIII, except for dates, as follows:
 "VIII.
 "Defendants, being subject to the Act and record-keeping requirements thereof, have violated, and are violating, the provisions of Sections 11(c) and 15(a) (5) of the Act in that since July 27, 1956 [November 3, 1956 in No. 17552], they have failed to make, keep and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the said regulations, in that they failed to show adequately and accurately the hours worked each workday and each workweek by many of their employees."
 
 
 [3]
 That in No. 17552, the shorter of the nearly identical two, is typical
 "The Defendants, * * * move this Court to require Plaintiff to furnish them a more definite statement, and allege:
 "1. The Complaint is so vague and ambiguous that Defendants cannot reasonably be required to frame a responsive pleading.
 "2. The Complaint contains the following defects:
 "a) The Complaint fails to allege the specific weeks during which Defendants violated the provisions of the Act.
 "b) The Complaint fails to allege the names of the employees concerning whom it is alleged the Defendants failed to keep adequate records.
 "c) The Complaint fails to allege in what respect the records of Defendants were inadequate.
 "d) The Complaint fails to allege the class of workers concerning whom the Defendants failed to keep adequate records.
 "Wherefore, Defendants pray that Plaintiff be required to furnish to Defendants the following details:
 "a. the specific weeks during which Defendants are alleged to have violated the provisions of the Act.
 "b. the names and addresses of each employee of the Defendants * * * concerning whom it is alleged that Defendants failed to keep adequate records.
 "c. the description of the particular records which Plaintiff alleges are inadequate, and in what respect said records are inadequate.
 "d. the class of workers and the nature of work performed by the employees of the Defendants concerning whom it is alleged Defendants failed to keep adequate records."
 
 
 [4]
 The motions to dismiss were identical in both cases:
 "The defendants, E-Z Way Towers, Inc., a corporation, and Clarence Jax, move this court to dismiss the Complaint, and allege as follows:
 "1. The Complaint fails to state a claim against the Defendants on which relief can be granted.
 "2. The Complaint fails to allege in reasonable detail, and in specific terms and by specific acts the manner in which Defendants have violated the Sections of the Act and promulgated regulations, as alleged in the Complaint."
 
 
 [5]
 "This matter came on for hearing on defendant's motion for more definite statement and motion to dismiss, the parties appearing by their respective counsel, and the court having heard the arguments of counsel and being otherwise sufficiently advised, finds that the complaint fails to allege in reasonable detail and in specific terms and by specific acts the manner in which the defendants have violated the provisions of the Fair Labor Standards Act as alleged in the complaint and thus fails to state a claim against the defendants on which relief can be granted. It is therefore
 "Ordered that plaintiff's complaint be, and the same is hereby, dismissed.
 "It is further Ordered that plaintiff have sixty (60) days from the date hereof within which to file an amended complaint."
 
 
 [6]
 "It being made to appear to the court that on the 22nd day of August, 1958, an order was made and entered dismissing plaintiff's complaint with leave to amend, said dismissal being on the ground that the complaint fails to allege in reasonable detail and in specific terms and specific acts the manner in which the defendants have violated the provisions of the Fair Labor Standards Act and thus fails to state a claim on which relief can be granted, and it appearing to the court that plaintiff has given notice to this court and the attorneys for the defendant of his election to stand on the allegations of his original complaint and thereupon refusing to file an amended complaint or to otherwise amend his complaint now on file in said cause, and the court being fully advised, it is hereby
 "Ordered, Adjudged and Decreed that this cause be and the same is hereby finally dismissed."
 
 
 
 23
 HUTCHESON, Chief Judge (dissenting).
 
 
 24
 What began in the district court as much ado about nothing and, by the intransigeance of plaintiff-appellant in refusing to conform to the district judge's plain and simple order under Rule 12(e) to make his complaint more definite and the district judge's dismissal of the action for failure to do so, was converted into more ado about nothing more, has, by plaintiff-appellant's efforts to obtain a ruling on the judge's action sustaining the motion for a more definite statement, the refusal at first of the majority, and their later yielding to them, to permit this to be done, been blown up into quite a procedural storm.
 
 
 25
 As I see the case, the three simple issues this appeal presents are, under settled law, in briefest compass and may be as briefly decided.
 
 
 26
 The first question to be answered is whether the district judge acted within the limits of his discretion in finding and holding "that the complaint fails to allege in reasonable detail and in specific terms and by specific acts the manner in which the defendants have violated the provisions of the Fair Labor Standards Act as alleged in the complaint". Upon the principles settled by the cases collected in the notes to Rule 12(e), F.R. Civ.P., 28 U.S.C., particularly notes 264-5, at page 446 and the same notes in the supplement thereto at pages 161-2, and given lip service in the majority opinion but denied application there, I think it cannot be doubted that the answer must be "Yes."
 
 
 27
 The second question is whether the district judge was correct in equating this failure with "failure to state a claim upon which relief can be granted" under Rule 8(a). That the answer to this question must be "No" is settled by the opinions of this court in Weil Clothing v. Glasser, 5 Cir., 213 F.2d 296 at page 299 and in Atwood v. Humble Oil & Refining Co., 5 Cir., 243 F.2d 885, where, particularly in the latter case, the question was specifically presented and as specifically answered in the negative.
 
 
 28
 The third question is what order should this court enter on this record, and the answer to it is that, while affirming the part of the order requiring more definite statement, we should, disapproving the order dismissing the action for failure to state a claim on which relief may be granted, remand the case with directions to the district judge to afford appellant a reasonable time to comply with the order to make his pleadings more definite and, in default thereof, to strike the complaint or take such other action as the district judge, in his discretion deems right.
 
 
 29
 The confusion of the majority in reaching the conclusion at first to reverse the case without giving consideration to, and deciding, the first question the appeal presents, even though the appellant presses this question upon us, and their vacillating final acquiescence, proceeded, as is shown in the discussion in the opinion of Rules 12(b) and 12(e), from the failure of the majority to recognize and give effect to the enforcement provisions of Rule 12(e) and its erroneous conception that an order granting a motion for more definite statement is necessarily "interlocutory in character and not appealable and must await the final decree with the likely consequences that it will wash out in the trial." Its present about face proceeds from its inability to stand to its first position and its unwillingness to descend from the ivory tower of appellate omniscience.
 
 
 30
 As the rule itself provides and the cases settle it, Cf. Thompson v. Johnson, 102 U.S.App.D.C. 307, 253 F.2d 43, this is not the usual purpose, it is not the usual effect, of such an order. On the contrary, the rule in terms provides a short period for compliance and that in default thereof, within the time fixed, "the court may strike the pleading to which the motion was directed or make such order as it deems just." In short, Rule 12(e) was adopted to be enforced against those who, as the appellant here, while complaining of delay caused by the entry of the order, add a year's delay by appealing from it instead, as he could easily have done, of complying with it. If the district judge, proceeding under the rule, had specifically ordered the pleading amended and, thereafter, a dismissal of the suit for failure to so amend, the judgment dismissing the action should, and as far as I am concerned would, have been affirmed. Because, however, instead of doing this, he equated the indefiniteness of the pleading with a failure to state a claim, the cause must, I think, be remanded to the district court with directions to afford the plaintiff a reasonable time to conform to the order to make the pleading more definite, and in default of such compliance to strike the pleading or make such other order as he deems just.
 
 
 31
 Believing as I do that the district judge was right in his basic ruling and wrong only in the method chosen to enforce it, I dissent not from the reversal of the judgment but from the reasons given therefor by my brothers, particularly their view that the district judge abused his discretion in ordering a more definite statement.