In re **MARR BROADCASTING CO., INC., d/b/a KQQK (f/k/a KXKX) 106.5 FM, Debtor.**

**MARR BROADCASTING CO., INC., Plaintiff,**

v.

**SHAMROCK BROADCASTING OF TEXAS, INC., d/b/a KZFX 107.5 FM and Arbitron Ratings System, Inc., Defendants.**

**Bankruptcy No. 86–02195–H1–11. Adv. No. 86–1045.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Oct. 6, 1987.

---

Allen P. Lazor, Childs, Fortenbach, Beck, Guyton, Houston, Tex., for movant, Shamrock Broadcasting of Texas, Inc.

Jacqueline Taylor, Cook, Davis, & McFall, Houston, Tex., for movant, Arbitron Ratings Systems, Inc.

Brooke E. Smith, Baker, Brown, Sharman & Parker, Houston, Tex., for respondent, Marr Broadcasting Co., Inc.

## MEMORANDUM ORDER

MANUEL D. LEAL, Bankruptcy Judge.

Pending before the court are motions brought by both defendants, Shamrock Broadcasting of Texas, Inc., d/b/a KZFX 107.5 FM ("Shamrock"), and Arbitron Ratings System, Inc. ("Arbitron"), to dismiss the application for preliminary injunction, motions for a more definite statement, and motions to determine core status. This court determines that as to defendant Shamrock, the bankruptcy court has subject matter jurisdiction of this action, that this proceeding is not a core proceeding, and that the proceeding is related to a proceeding under Title 11. This court determines that, as to defendant Arbitron, the bankruptcy court has no subject matter jurisdiction and for that reason, grants its motion to dismiss. In addition, this court recommends that the United States District Court deny Shamrock's motion to dismiss, grant Shamrock's motion for more definite statement, and dismiss as moot Shamrock's motion to determine core status. This court dismisses as moot Arbitron's motions to dismiss, for more definite statement and to determine core status.

### FACTS

The debtor, Marr Broadcasting Co., Inc., d/b/a KQQK (f/k/a KXKX) 106.5 FM ("Marr"), filed a voluntary petition under Chapter 11 on March 12, 1986. It brought an adversary proceeding against Shamrock and Arbitron on November 12, 1986 setting out certain facts that were not controverted and that are therefore adopted here.

In bankruptcy, complaints are filed as adversary proceedings pursuant to Federal Rule of Practice and Procedure in Bankruptcy 7001. The plaintiff-debtor, Marr, operates radio station KQQK 106.5 FM in the Houston area. KQQK 106.5 FM broadcasts in Spanish and presents music, news, and programs relevant to the Spanish speaking community. The station promoted itself with the slogan "Estereo Laser" or "Laser Stereo" on television commercials in September and October, 1986, and, since August, 1986, it has used and, accord-

ing to the complaint, continues to use, the slogan on the radio and in the print media. In October, 1986, the debtor became aware that a new radio station, Shamrock's KZFX 107.5 FM, was using the slogan "Stereo Laser". The debtor contends that Shamrock's slogan strongly resembles the debtor's and that, partially because the stations are next to each other on the FM radio dial, the public has been misled by Shamrock's use of the similar slogan. The debtor contends that the leading radio ratings service, Arbitron, has mistakenly underrated the debtor KQQK's share of the market, negatively affecting KQQK's advertising revenues. The debtor contends that because of all these factors, its radio station, KQQK, has been harmed. The debtor seeks to enjoin the defendants from pursuing their activities regarding the use of the slogan and ratings and it seeks to collect at least two million dollars on each of three causes of action: lost advertising revenue, unfair competition, and interference with the debtor's contractual relations with its advertisers.

### JURISDICTION OF THE BANKRUPTCY COURT

Bankruptcy adversary proceedings in the United States District Court for the Southern District of Texas are routinely referred to the bankruptcy court pursuant to 28 U.S.C. sections 157 and 1334 and pursuant to the Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* issued on August 9, 1984 by the Chief United States District Judge of the Southern District of Texas.

■ The bankruptcy court, as a federal court of limited jurisdiction, always has a responsibility to consider the question of subject matter jurisdiction whether raised by a party or *sua sponte*. 28 U.S.C. section 157(b)(3). *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir.1985); *In re Kutner*, 656 F.2d 1107, 1110 (5th Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982); *Broadway v. San Antonio Shoe, Inc.*, 643 F.Supp. 584, 585 n. 1 (S.D.Tex.1986); *Cen-*

*tral National Bank v. Kwak,* 49 B.R. 337 (Bankr.N.D.Ohio 1985).

This court is guided by a recent opinion issued by the United States Court of Appeals for the Fifth Circuit detailing the inquiries to be made in determining whether a bankruptcy court has subject matter jurisdiction of a pending proceeding. *Wood v. Wood (In re Wood),* 825 F.2d 90 (5th Cir.1987).

According to *In re Wood,* there is a certain procedure to follow in determining the presence and extent of bankruptcy jurisdiction. First, the bankruptcy court must determine, pursuant to 28 U.S.C. section 1334, "whether the outcome of th[e] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood,* 825 F.2d at 93, relying on *inter alia, Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984).[1] If the outcome of the proceeding could have no conceivable effect on the estate, then bankruptcy subject matter jurisdiction does not properly rest with the court. If, however, this broad standard is met, the bankruptcy court has subject matter jurisdiction of the adversary proceeding.

■ The lawsuit pending between Marr and defendants, Shamrock and Arbitron, must be evaluated in light of the *Wood* case. The debtor brought the adversary complaint to enjoin Shamrock from employing certain advertising activities and to enjoin Arbitron from pursuing certain practices in the computation of ratings. This court is satisfied that the practices of a potential competitor could have an effect on the estate. Confusion promoted by a competitor could dilute the effect of Marr's advertising campaign and could cause listeners to tune in to one station over another. Such activity could result in a decreased number of listeners of Marr's station, KQQK 106.5 FM, and have a concomitant effect on its advertising income. Because Shamrock's actions could conceivably have an effect on the estate, this court is satisfied that subject matter jurisdiction exists over the lawsuit between Marr and Shamrock.

■ However, there is no subject matter jurisdiction over the lawsuit as between Marr and Arbitron. Arbitron is not a creditor and it is not involved in any debtor-creditor relationship in this bankruptcy case. Arbitron is a ratings service that performs a function independent of the subject advertising dispute. It simply rates radio stations based upon its estimates of the number of their listeners. Its ratings are then used by others. Arbitron's rating activity has no conceivable effect upon the estate. Therefore, this court has no subject matter jurisdiction over defendant Arbitron and dismisses for lack of subject matter jurisdiction the complaint as against Arbitron only.

28 U.S.C. section 157 determines the character of the bankruptcy court's jurisdiction. Congress divided its jurisdictional grant in the Bankruptcy Amendments and Federal Judgeship Act of 1984 into "core" proceedings over which the bankruptcy courts exercise full judicial powers and "otherwise related" or "non-core" proceedings over which the bankruptcy courts exercise only limited power. *In re Wood,* 825 F.2d at 94–95. Bankruptcy judges may hear, determine, and issue final orders in core matters. 28 U.S.C. section 157(b)(1). A bankruptcy judge may hear a non-core but otherwise related matter but he or she may not issue a final order. In non-core matters, if the bankruptcy judge hears the proceeding, the bankruptcy judge makes proposed findings and conclusions to the United States District Court for issuance of final orders according to the procedures outlined at 28 U.S.C. section 157(c). If the circumstances allow, the bankruptcy court may also recommend that the district court abstain from hearing a particular proceeding in the interest of justice or comity with state courts, according to the permissive

---

1. Note that the Fifth Circuit adopts the Third Circuit test for a determination of the outer limits of related jurisdiction. *See e.g., Bobroff v. Continental Bank (In re Bobroff),* 766 F.2d 797 (3rd Cir.1985). *See also Taxel v. Commerce-* Bank *(In re World Financial Services Center, Inc.),* 64 B.R. 980, 988 (Bankr.S.D.Cal.1986); *Gallo v. Herpich (In re Cemetery Development Corp.),* 59 B.R. 115, 121 (Bankr.M.D.La.1986).

abstention provision of 28 U.S.C. section 1334(c)(1).

## CORE JURISDICTION

■ The bankruptcy statutes do not define core proceedings. 28 U.S.C. section 157(b)(2) does provide a non-exclusive list of examples. According to the *Wood* opinion, if the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding. Where the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding. However, it may be related to the bankruptcy because of its potential effect on the estate being administered in bankruptcy. In summary, a proceeding is core under section 157 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. Examples of core proceedings are set out in 28 U.S.C. section 157(b)(2)(A–O). The *Wood* case defines in slightly different terms the Fifth Circuit test for this determination. In *Wood*, Circuit Judge Wisdom summarized the concerns over bankruptcy jurisdiction set out in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982):

> First, bankruptcy judges may exercise full judicial power over only those controversies that implicate the peculiar rights and powers of bankruptcy, or, in Justice Brennan's words, controversies "at the core of the federal bankruptcy powers." Second, controversies that do not depend on the bankruptcy laws for their existence—suits that could proceed in another court even in the absence of bankruptcy—are not core proceedings.

*In re Wood*, 825 F.2d at 96. This description of core jurisdiction is consistent with the standard set out in two other Fifth Circuit cases. The court in *In re Paso del Norte Oil Co.*, 755 F.2d 421, 425 (5th Cir. 1985) stated that a determination of core status relies on whether it is possible to administer the estate without resolving the controversy, or whether the controversy is tied to matters pertaining to bankruptcy. The court in *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir.1985), stated that adversary proceedings that do not intimately involve the debtor-creditor relationship and that rest solely in state law are not properly brought in the federal bankruptcy court.

The pending adversary is not a core proceeding under the various statements composing the Fifth Circuit test for determination of core status. A lawsuit to prevent a purportedly unfair advertising practice does not involve the "peculiar rights and powers of bankruptcy" for its existence. *In re Wood*, 825 F.2d at 96. It is possible to administer the estate without resolving this controversy. *In re Paso del Norte Oil Co.*, 755 F.2d at 425. Matters of unfair advertising and trademark infringement by a party who is not a creditor of the debtor do not, in this case, "intimately involve the debtor-creditor relationship." *Holland America Insurance Co.*, 777 F.2d at 998.

■ This court also adopts the methodology[2] set out in *B–U Acquisition Group, Inc. v. Utica Mutual Insurance Co. (In re Baldwin–United Corp.)*, 52 B.R. 541, 546–47 (Bankr.S.D.Ohio 1985) for the consideration of what matters are core matters and what matters are related matters. The *Baldwin* case lists four factors. This court considers them one by one.

> 1. Does the proceeding fall within one of the specific categories of core proceedings set forth in 28 U.S.C. section 157(b)(2)?

Marr's claims against the remaining defendant are for damages and for injunction in order to prevent certain advertising and trademark infringement practices. These

---

**2.** Although this court does not expressly adopt some of the interpretations of *Marathon* that *Baldwin* suggests, the test outlined in the *Baldwin* case seems appropriate under the Fifth Circuit statements in such a determination. The list of factors set out in that case helps to narrow down the determination and, when used in conjunction with the Fifth Circuit standard set out above, aids in arriving at a clear, well founded conclusion in light of the statutory scheme and *Marathon*.

claims are not covered by any of the enumerated categories. They do not fall within the broad category at section 157(b)(2)(O), which includes "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship."

2. To what extent does the resolution of the proceeding impact upon the bankruptcy case? Does the ability of the debtor to reorganize and pay its creditors hinge on the quick resolution of the proceeding, or is the proceeding merely "peripheral" to the case?

The resolution of the litigation between plaintiff, Marr, and defendant, Shamrock, could conceivably have an effect on the estate, as concluded above. However, the action is clearly not one that forms a basis of the reorganization effort between Marr and its creditors. This is a lawsuit not centered around bankruptcy issues and is peripheral to the case.

3. Is the proceeding one which the Bankruptcy Court traditionally has been empowered to decide?

No. Matters of unfair competition, unfair advertising practices, and the like, such as are the subject of the pending proceeding, are not traditional bankruptcy matters. Bankruptcy courts may not make a determination of core status solely on the basis that the resolution of the controversy may be affected by state law. 28 U.S.C. section 157(b)(3). However, "bankruptcy courts should be reluctant to entertain questions which may be equally well resolved elsewhere." *In re Paso del Norte Oil Co.*, 755 F.2d at 425 (citation omitted). The power to preside over suits for relief and claims such as are raised by the Marr litigants is not traditionally within the bankruptcy court.

4. Is there a "federal rule of decision provided for any of the issues in the lawsuit?" ... If the proceeding arises entirely under state law, does it present substantial questions of law and fact for adjudication?

The *Baldwin* case points out that "the right preserved by the Supreme Court in

*Marathon* was the right to have traditional common law actions adjudicated by an Article III court, or by an adjunct sufficiently controlled by an Article III court." *In re Baldwin*, 52 B.R. at 541. In the Marr litigation, there is certainly no federal bankruptcy rule of decision provided under this standard. If there are other federal rules of decision, involving, for instance, federal law on communication, trademark or radio regulation, the bankruptcy court is not empowered to employ that federal law absent sufficient bankruptcy jurisdiction, or subject to other jurisdictional concerns.[3] Additionally, in regard to as the second part of the standard, there seem to be substantial questions of law and fact; this dispute does not seem to present the court with undisputed facts or insubstantial questions of law. The dispute is one properly before a court of competent and traditional jurisdiction of the claims in dispute.

Because of the analysis under the Fifth Circuit standard in *In re Wood, In re Paso del Norte,* and *Holland America,* and the analysis under the standard set out in *Baldwin,* this court concludes that the pending adversary proceeding is not a core proceeding. Therefore, this court may not exercise its full powers relative to this adversary proceeding as it would a core proceeding.

Because this court has concluded that the pending adversary action as against defendant Shamrock is within the jurisdiction of the court but not within its core jurisdiction, under the formula suggested by *In re Wood,* the pending matter must be considered non-core and otherwise related to the bankruptcy case.

### RELATED JURISDICTION

The Fifth Circuit in *Wood* adopts the Third Circuit test to determine what matters fall into the related category. If a matter could conceivably have any effect on the estate and the matter is not a core matter, the matter is a related matter. The pending adversary proceeding as against Shamrock could conceivably have any effect on the estate and the proceeding is not

---

**3.** In an instance where substantial issues are raised under both Title 11 and other federal law, the reference may be withdrawn to the

United States District Court. 28 U.S.C. section 157(d). *Burger King Corp. v. B–K of Kansas, Inc.,* 64 B.R. 728 (D.Kan.1986).

a core proceeding. Thus it is a related proceeding.

In such an instance, the bankruptcy court may hear and preside over the proceeding but may not issue final orders. 28 U.S.C. section 157(c)(1). In this district, the United States District Court for the Southern District of Texas has referred core and related matters to the bankruptcy court pursuant to the standing Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc.* Under that referral, the bankruptcy court may hear and determine the matter but may not issue final orders. The bankruptcy judge submits proposed findings of fact and conclusions of law to the district court for *de novo* review pursuant to 28 U.S.C. section 157(c)(1). Notwithstanding section 157(c)(1), the district court may, with the consent of all the parties to the proceeding, refer it to the bankruptcy court with authority to issue final orders. 28 U.S.C. section 157(c)(2). Alternatively, the district court may withdraw the reference of the proceeding if that court concludes that the determination of the lawsuit will involve both Title 11 and other federal laws. 28 U.S.C. section 157(d).

This bankruptcy court is also empowered to recommend that the district court abstain from hearing such a related proceeding in appropriate circumstances. Without commenting on whether this matter is ripe for such a consideration, this court declines to reach this issue because no party has moved for abstention.

### JURISDICTIONAL CONCLUSIONS

Because of this court's determination that no subject matter jurisdiction exists over the claims against Arbitron, this court orders the complaint dismissed as against Arbitron. This court also orders Arbitron's motions dismissed for the same reason.

Because of this court's determination that this adversry as against Shamrock is a proceeding related to a case under Title 11, this court may not issue a final order. The pending motions of defendant Shamrock to dismiss the application for preliminary injunction, motion for a more definite statement, and motion to determine core status are reviewed herein in order to make recommendations to the United States District Court pursuant to 28 U.S.C. section 157(c)(1).

### SHAMROCK'S MOTION TO DISMISS

■ For the reasons discussed above, jurisdiction of the proceeding pending against Shamrock is proper in the bankruptcy court which may exercise the related jurisdiction powers granted by Congress as interpreted by the Fifth Circuit. Therefore, a motion to dismiss for failure to state a claim is proper in the bankruptcy court.

The general rule is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Bankruptcy Rule 7008(a) incorporates Federal Rule of Civil Procedure 8(a) which directs:

> A pleading which sets forth a claim for relief.... shall contain 1) a short and plain statement [for jurisdiction], 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief to which he deems himself entitled.

Fed.R.Civ.P. 8(a). The pleading raises issues of fact which can be clarified in the course of discovery. "If the claim is dismissed because it is too vague or because the plaintiff is unable to supply the details, none of the machinery of discovery whose function it is to ferret out facts and delineate issues before trial can be utilized." *Mitchell v. E–Z Towers, Inc.,* 269 F.2d 126, 131 (5th Cir.1959).

While the complaint does not elaborate on the facts, does not set out legal authority, and does not frame its complaint in terms of one or more particular claims for relief, the basic skeleton required by Rule 8(a) is satisfied.

### SHAMROCK'S MOTION FOR MORE DEFINITE STATEMENT

■ Bankruptcy Rule 7012(b) makes Federal Rule of Civil Procedure 12(b) appli-

cable to this proceeding. Rule 12(b) directs:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(b). The Fifth Circuit view is as follows:

> In view of the great liberality of Fed.R. Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is *not* to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose.

*Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959). *Mitchell* is frequently cited as authority for this proposition. *See, e.g., Stabler v. New York Times Co.*, 569 F.Supp. 1131 (S.D.Tex.1983); *Herceg v. Hustler Magazine, Inc.*, 583 F.Supp. 1566 (S.D.Tex.1984). A notable case cited *Mitchell* favorably and went on to indicate, "[t]he modern philosophy of federal pleading requires only a general summary of a claim, not the pleading of facts and detail. Rule 12(e) is 'thus designed to strike at unintelligibility rather than want of detail.'" *Hassett v. Ganz (In re O.P.M. Leasing Services, Inc.)*, 21 B.R. 986, 993 (Bankr.S.D.N.Y.1982), quoting *Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee*, 60 F.R.D. 46, 48 (E.D. Wis.1973). The court is aware that Rule 12(e) motions are highly disfavored in the federal system. *Bazal v. Belford Trucking Co.*, 442 F.Supp. 1089 (S.D.Fla.1977).

The complaint does not suffer from "unintelligibility", nor does it fail to set out the "general summary of a claim." It does, however, fail to inform the defendant of the legal bases of its claims. It would not frustrate the standards set out by the Federal Rules and the Fifth Circuit to require the plaintiff to inform the defendant—and the court—of the existing laws upon which it makes its claims.

### SHAMROCK'S MOTION TO DETERMINE CORE STATUS

This court declines to make a dispositive ruling on this motion in light of the court's discussion and recommendations to the district court on jurisdiction set out above.

### ARBITRON'S MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO DETERMINE CORE STATUS

This court has herein ordered the complaint dismissed as against Arbitron for lack of subject matter jurisdiction. Therefore, Arbitron's motions are also ordered dismissed.

### SUMMARY, RECOMMENDATIONS, AND ORDER

This court concludes that the lawsuit pending before it as between plaintiff Marr and defendant Shamrock is a related non-core proceeding pursuant to 28 U.S.C. section 157. Therefore, this court may preside over the proceeding but only may not issue final orders concerning the pending adversary proceeding. Pursuant to 28 U.S.C. section 157(c)(1), this court hereby submits the foregoing and the following as its findings of fact, conclusions of law, and recommendations to the United States District Court for the Southern District of Texas for issuance of final orders.

This court recommends that the United States District Court deny Shamrock's Motion to Dismiss.

This court recommends that the United States District Court grant Shamrock's Motion for More Definite Statement.

This court recommends that that the United States District Court dismiss as moot Shamrock's Motion to Determine Core Status.

This court orders dismissed Arbitron's Motion to Dismiss, Motion for More Defi-

nite Statement, and Motion to Determine Core Status.

Pending further orders of the United States District Court for the Southern District of Texas concerning the jurisdiction of this bankruptcy court over this proceeding, pursuant to consent of the parties under 28 U.S.C. section 157(c)(2), or pursuant to withdrawal of the reference under 28 U.S.C. section 157(d), this court maintains its jurisdiction over this adversary proceeding consistent with this memorandum.

The clerk shall forward this memorandum to the United States District Court and furnish copies to counsel.