**Roy F. GUSTE and William J. Guste Jr.**

v.

**SHELL OIL COMPANY.**

**Civ. A. No. 95–0601.**

United States District Court,
E.D. Louisiana.

April 27, 1995.

Allan Kanner, Allan Kanner & Associates, New Orleans, LA, for plaintiffs.

Charles M. Raymond, Shell Oil Co., New Orleans, LA, for defendant.

### ORDER AND REASONS

JONES, District Judge.

Pending before the Court is the "Motion of Defendant, Shell Oil Company (sic) For More Definite Statement Pursuant to Rule 12(e)." This matter was taken under advisement without oral argument. Having reviewed the memoranda of the parties, the record, and the applicable law, defendant's motion is DENIED.

### Background

Plaintiffs filed a "Complaint for Compensatory Damages, Equitable Relief, and Punitive Damages," alleging that discharges from the Shell Oil Refinery in Norco, Louisiana, "have spread beyond the [refinery's] boundaries and into, onto, and under the ground, the alluvium, and elsewhere, and into, onto and under the private property of the named Plaintiffs, thereby causing, or threatening to cause, severe damage." (Paragraph 1, R.Doc. 1.) Further, "[h]azardous substances continuously volatize ... and escape into the air in the form of noxious odors," affecting plaintiffs' "quiet enjoyment" of their property. *Id.* Plaintiffs also allege that "substances" from the refinery "migrated" or threaten to migrate into the environment, causing a threat to health, safety and economic development of the surrounding area. *Id.*

While plaintiffs concede that the refinery operates with three discharge permits, *id.*, paragraphs 17–19, plaintiffs also allege that the bayou into which the discharges are made and which traverses their property has a "greasy black sludge" on its bottom. *Id.*, paragraphs 6, 20. "In addition, water of the bayou is subjected to repeatedly environmentally distressful discharges which at times *exceed permitted levels* and continue to add to the sludge blanket on the stream bottom." *Id.*, paragraph 20 (emphasis added).

According to the complaint, a study by the Louisiana Department of Environmental Quality (hereinafter "DEQ") shows that the sediment in the bayou "pose[s] a threat to the environment." *Id*, paragraphs 19, 21. This resulted in further action by DEQ, which, along with a Shell study, was allegedly concealed from plaintiffs by defendant. *Id.*, paragraphs 22–24.

Plaintiffs allege five counts of wrongdoing, all based on Louisiana law. These include tortious liability due to the "intentional and tortious" discharge of hazardous substances into the bayou; trespass as a result of that same discharge into the bayou which flows across plaintiffs' property; strict liability/nuisance for deposit of the materials on or adjacent to plaintiffs' property; absolute liability; wanton disregard for public safety in the handling of hazardous or toxic substances; and ultrahazardous activity. *Id.*, paragraphs 25–41.

Plaintiffs seek compensatory damages for decrease in the value of and loss of their property and loss of its use and enjoyment. *Id.*, paragraph 43(a) and (b). Plaintiffs also seek emotional damages as a result of damage to their property and loss of its aesthetic value. *Id.*, paragraph 43(c). Finally, plaintiffs seek restoration of their property. *Id.*, paragraph 43(d).

Defendant seeks an order for plaintiffs to make a more definite statement in their complaint prior to defendant's being required to file a responsive pleading, relying on Fed. R.Civ.P. 12(e). Plaintiffs respond by arguing that their complaint meets the requirements of notice pleading under Fed.R.Civ.P. 8 and for allegations of fraud under Fed.R.Civ.P. 9(b). Further, defendant has the tools of discovery available to inquire into plaintiffs' claims.

### Law and Application

■ Rule 12(e) provides that a party may move for a more definite statement before filing a responsive pleading "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

The Fed.R.Civ.P. 12(e) motion for a more definite statement is disfavored. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126

(5th Cir.1959). It is universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to. 5A Charles Wright and Arthur Miller, *Federal Practice and Procedure* § 1377 (1990).

*Prudhomme v. Procter & Gamble Co.*, 800 F.Supp. 390, 396 (E.D.La.1992) (Sear, C.J.)

With this standard in mind, the Court addresses the defendant's arguments *seriatim.* Shell Oil Company first argues that the only specified harm is to the bayou at issue and not plaintiffs' property. As shown by the summary of plaintiffs' allegations above, a clear reading of the complaint severely undercuts this argument. As the plaintiffs state, the bayou runs through their property, and damage has been done as a result of the discharges into the bayou to their property.

Shell next argues that plaintiffs' first count of tortious liability fails to spell out the various elements necessary to establish a tort under Louisiana law. Notwithstanding that Shell offers no law in support of such an argument, the Court notes that Fed.R.Civ.P. 8(e) only requires that a pleading "simple, concise and direct," not that each element of a claim be set forth. Moreover, plaintiffs have alleged that discharges in excess of permitted levels have occurred, causing harm to the bayou that travels through plaintiffs' property. Of course, should defendant believe that plaintiffs have failed to state a claim upon which relief can be granted, Shell is entitled to file an appropriate motion pursuant to Fed.R.Civ.P. 12(b)(6). *See* Charles Wright & Arthur Miller, *Federal Practice & Procedure: Civil 2d* § 1376 at 576 (1990).

As to Count Two, Shell argues that the complaint is ambiguous because it alleges "unauthorized" disposal in the face of the allegation of the existence of permits to discharge. This contention ignores the allegation that discharges that "exceed[ed] permitted levels" in Paragraph 20 of the complaint. Further, the allegations of trespass through improper discharges are clear and concise when read in context that the bayou runs through plaintiffs' property. Finally, for Shell to argue that plaintiffs' complaint about being unable to use the bayou is unclear borders on the disingenuous in light of the foregoing summary of allegations.

In Count Three plaintiffs allege nuisance. Shell contends that plaintiffs have failed to set forth the elements of nuisance, an argument that can be dismissed for the reasons set forth above in regard to Count One. Similarly, Shell's argument as to whether the alleged nuisance is a "nuisance *per se*" or "nuisance in fact" has no basis. Once again, if, either before or after discovery, Shell believes that plaintiffs have failed to state a claim for relief, Shell may bring such a motion or may bring a motion for summary judgment. However, plaintiffs have set forth a "simple, concise and direct" claim sufficient for Shell to answer and/or raise affirmative defenses in the alternative as allowed by Fed.R.Civ.P. 8(e)(2).

Plaintiffs allege strict liability under LSA–C.C. Art. 2317 in Count Four. Shell again argues that elements of such a claim are missing. This argument requires no further discussion for the reasons set forth above in regard to Counts One and Three.

As to Count Five, Shell maintains that the pleading is insufficient because plaintiffs' "only allegations ... were that Shell obtained permits for discharge." (Shell memorandum in support, p. 8.) Again, Shell ignores the allegation that discharges exceeded permitted levels. Shell also ignores the other paragraphs of Count V, which allege that Shell knew of the environmental damage as a result of its pattern or practice of discharging hazardous substances into the bayou. (Complaint, paragraphs 36–37, R.Doc. 1.) Thus, this contention also fails.

Plaintiffs allege that Shell is strictly liable for ultrahazardous activity in Count Six, and Shell urges that this is insufficient because the risk of harm can be eliminated through the exercise of due care. However, as set forth above, that is not the standard by which pleadings are judged for sufficiency. Again, if Shell believes it has exercised due care, it is entitled to bring a proper motion to have this count dismissed. However, a motion for more definite statement is not the proper vehicle.

■ Finally, as to any allegations of fraud against Shell,[1] the Court is guided by Fed. R.Civ.P. 9(b), which provides, in pertinent part: "In all averments of fraud … the circumstances constituting fraud shall be stated with particularity." In paragraphs 19–24, plaintiffs allege that DEQ conducted certain studies and took certain actions as a result of those studies and that Shell also undertook certain studies. "Despite this long term (sic) study of toxic pollution in the Bayou, Shell concealed this information from Plaintiffs by never informing them that Shell pollution had ruined their property and destroyed its economic and social value." (Complaint, paragraph 24, R.Doc. 1.) The Court finds that the plaintiffs have pled the action of the defendant, i.e., concealment, with particularity so as to meet the demands of Rule 9(b). *See Unimobil 84, Inc. v. Spurney,* 797 F.2d 214, 216 (5th Cir.1986) ("To state a cause of action for fraud … requires a plaintiff to allege with particularity the defendant's acts which the plaintiff contends amount to fraud.") Whether plaintiffs' complaint fails to state a claim for relief, however, is another matter that Shell remains free to contest, if it chooses.

Accordingly,

IT IS ORDERED that the "Motion of Defendant Shell Oil Company for More Definite Statement Pursuant to Rule 12(e)" is DENIED.

---

1. The Court notes that none of the counts alleging violations of Louisiana law specifically aver fraud.