# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2021

Lyle W. Cayce
Clerk

No. 20-50678

Wesley Perkins,

*Plaintiff—Appellant*,

*versus*

Executive Director Whitney Brewster, Texas Department of Motor Vehicles, which department is a public charitable trust and non-beneficiary, *Officially and Individually*; City of Austin, a municipal corporation; City Attorney Anne Morgan, *Officially and Individually*; Police Chief Brian Manley, *Officially and Individually*; J. M. Hallmark, Arresting Officer, *Officially and Individually*; Southside Wrecker, a commercial enterprise; Judge Lee Yeakel,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-70

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

No. 20-50678

Per Curiam:[*]

Wesley Perkins has filed five federal lawsuits,[1] one habeas petition,[2] and three state court appeals[3] related to a series of traffic stops that he challenges again in this appeal. He consistently argues that he is not subject to the Texas Transportation Code because he has not consented to such regulation. He thus concludes that his arrest for driving without a license or registration tags or plates violated his civil rights. *Perkins v. Ivey*, 772 F. App'x 245, 245–46 (5th Cir. 2019).

This time around, the district court granted a motion for a more definite statement of Perkins's allegations. *See* Fed. R. Civ. P. 12(e). Perkins responded with an amended complaint. In addition to his argument that he has not engaged in "transportation" or driven a "vehicle," Perkins challenged the district court's ability to transfer portions of his case to a magistrate without his consent. Later, Perkins moved to disqualify the district judge for bias, and a different district judge denied the motion. Ultimately, the district court dismissed all of Perkins's claims as frivolous. Perkins appeals that dismissal, the order granting defendants' motion for a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] In addition to this one, *see Perkins v. Lipscombe*, No. 1:20-CV-493-RP (W.D. Tex. July 20, 2020) (dismissed as frivolous); *Perkins v. Mischtian*, No. 1:20-CV-296-RP-ML (W.D. Tex. July 17, 2020) (dismissed for failure to serve process); *Perkins v. Brewster*, 2018 WL 814250, at *1 (W.D. Tex. Feb. 9, 2018), *report and recommendation adopted*, 2018 WL 1898402 (W.D. Tex. Mar. 7, 2018); *Perkins v. Brewster*, 2018 WL 4323948, at *1 (W.D. Tex. Sept. 7, 2018), *aff'd sub nom. Perkins v. Ivey*, 772 F. App'x 245 (5th Cir. 2019) (per curiam).

[2] *Perkins v. Hernandez*, 1:18-CV-201-RP (W.D. Tex. July 20, 2019).

[3] *Perkins v. State*, 2016 WL 4272109 (Tex. App.—Austin Aug. 11, 2016, pet. denied); *Perkins v. State*, 2016 WL 691265 (Tex. App.—Austin Feb. 19, 2016, pet. denied); *Perkins v. State*, 2015 WL 3941572 (Tex. App.—Austin June 25, 2015).

more definite statement, and the denial of the motion to disqualify the district judge.

What we told Perkins last year resolves the merits of this year's appeal: "Perkins violated [the Texas Transportation Code] according to [its] plain meaning. And his counter-argument that he is not governed by the statutes is unconvincing." *Perkins*, 772 F. App'x at 246-47. It is as true now as it was then that one need not "consent" to the Transportation Code to be bound by it. *Id.*

Perkins's procedural complaints are just as frivolous. The district court did not transfer anything in this case to a magistrate judge. In any event, we previously explained that the common practice of having magistrate judges submit proposed findings to district judges is lawful. *Perkins*, 772 F. App'x at 246.

The district court did not abuse its discretion by granting the motion for a more definite statement. It is hard to see what, if any, harm Perkins suffered by the grant of this motion—he did not oppose the motion when it was filed, and he filed an amended complaint afterwards. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) (noting that any incorrect order for a more definite statement "becomes immaterial after it has been complied with"). Even if he can challenge the ruling, it was no abuse of discretion. If the allegations ended up being frivolous even after Perkins added allegations, then how can it have been improper to require more detail on the original complaint? If anything, it gave Perkins a second chance to state valid claims.

Neither did the district court abuse its discretion in denying Perkins's motion to disqualify the presiding judge. Perkins's complaint about the judge appears related the judge's referral of previous matters to a magistrate judge. Neither that nor anything else in the record demonstrates anything close to

No. 20-50678

the "impartiality" or "personal bias" that warrant disqualification. *See* 28 U.S.C. §§ 144, 455.

The judgment is AFFIRMED.