**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2447
_____

JOE THORPE,
Appellant

v.

TOWNSHIP OF SALISBURY; DEBRA J. BRITTON; DONALD B. BRITTON;
SANDY NICOLO; MICHAEL J. POCHRON; JAMES R. SUHOCKI;
MEGAN C. HOUCK, also known as Megan Suhocki; GREGORY M. REIHMAN;
MICHAEL J. MILKOVITZ; JOELLE MILKOVITZ; JOHN ASHLEY; DANIEL SELL;
DEBRA J. BRINTON; DONALD B. BRINTON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:21-cv-02102)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 6, 2023

Before:  JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: May 12, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Joe Thorpe, an attorney proceeding pro se, appeals from the District Court's March 22, 2022 decision entered in this civil rights action that he brought against a host of defendants. We will dismiss this appeal in part for lack of jurisdiction, and to the extent that we do have jurisdiction here, we will affirm the District Court's judgment.

I.

Thorpe commenced this civil rights action in the District Court in 2021. Later that year, he moved for a preliminary injunction. Meanwhile, some of the defendants moved to dismiss his amended complaint (the operative pleading), and other defendants moved for a more definite statement under Federal Rule of Civil Procedure 12(e). On March 22, 2022, the District Court entered an order that (1) denied the motion for a preliminary injunction, (2) dismissed some of the defendants, (3) granted, in part, the remaining defendants' motion for a more definite statement, and (4) directed Thorpe to file a second amended complaint that included that more definite statement. Instead of filing a second amended complaint, Thorpe brought this appeal.[1]

II.

Our appellate jurisdiction under 28 U.S.C. § 1291 is limited to reviewing "final" decisions of the district courts. But the District Court's March 22, 2022 order does not

_____

[1] Thorpe presented this appeal to the United States Court of Appeals for the Federal Circuit. But that court, after concluding that it lacked jurisdiction over this appeal, transferred the appeal to us pursuant to 28 U.S.C. § 1631.

2

qualify as a "final" decision, for that order did not "end[] the litigation on the merits and leave[] nothing for the [district] court to do but execute the judgment." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (citation to quoted case omitted). Indeed, that order's granting a more definite statement was merely an interlocutory ruling. See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 131 (5th Cir. 1959); 5C Arthur R. Miller, Federal Practice and Procedure § 1378 (3d ed.).[2] Although Rule 12(e) provides that a district court may strike a pleading or "issue any other appropriate order" if a plaintiff fails to file a more definite statement within the time prescribed, the District Court has yet to enter such an order in this case. See generally CMAX, Inc. v. Hall, 290 F.2d 736, 739-40 (9th Cir. 1961) (indicating that a district court's order dismissing an action after striking a pleading under Rule 12(e) would be final and appealable).

Although jurisdiction under § 1291 does not lie here, we do have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the part of the District Court's order that denied Thorpe's motion for a preliminary injunction. See Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017). But Thorpe has forfeited any challenge to that part of the District Court's order by not meaningfully addressing it in his brief. See Geness v. Cox,

---

[2] As noted above, the District Court's order did dismiss some of the defendants from this case. But an order that dismisses some, but not all, claims does not qualify as a final and appealable order unless the District Court certifies it pursuant to Federal Rule of Civil Procedure 54(b). See Glover v. FDIC, 698 F.3d 139, 144 n.5 (3d Cir. 2012). The District Court made no such certification in this case.

3

902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court" (internal quotation marks omitted)).

In view of the above, we will dismiss this appeal in part for lack of jurisdiction, and to the extent that we have jurisdiction, we will affirm the District Court's judgment.[3]

---

[3] One of the seven appellee briefs filed in this case includes a footnote asking us to impose sanctions against Thorpe under Federal Rule of Civil Procedure 11(c). That request is denied. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406 (1990) ("On its face, Rule 11 does not apply to appellate proceedings."); CFE Grp., LLC v. Firstmerit Bank, N.A., 809 F.3d 346, 353 (7th Cir. 2015) (indicating that Rule 11 does not apply in the appellate context); In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 118 n.4 (2d Cir. 2000) (noting that "Rule 11 is generally employed in the *district* court" (emphasis added)).