**James NEBOUT, Hilary H. Nebout, Michael A. James and Paul Marx**

v.

**CITY OF HITCHCOCK, City of Bayou Vista, and City of Tiki Island**

No. Civ.A. G–99–509.

United States District Court, S.D. Texas, Galveston Division.

Oct. 21, 1999.

James A. Morris, Jr., Provost & Umphrey, Beaumont, TX, for plaintiffs.

John Joseph Hightower, Olson & Olson, Houston, TX, for defendants.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT*

KENT, District Judge.

This unlawful arrest and excessive force suit arises under 42 U.S.C. § 1983. Plaintiffs allege that Defendants' law enforcement employees used excessive force in the course of an arrest which followed an unfortunate aquatic altercation on the Bayou Vista Canal in Galveston County, Texas. Now before the Court is Hitchcock's, Bayou Vista's, and Tiki Island's Joint Motion to Dismiss or Alternatively to Require a More Definite Statement. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED IN PART,** and **DENIED IN PART.** Defendants' Motion To Require More Definite Statement is **DENIED.**

## I. FACTUAL SUMMARY

According to Plaintiffs, the incident giving rise to this suit occurred as follows. Plaintiffs were operating their boat on the Bayou Vista Canal on or about July 23, 1999. An unknown person on a nearby pier shouted obscenities at them, and commanded them to bring their boat to shore. Ignoring this request and proceeding on their way, Plaintiffs were intercepted by a boat filled with police officers. The occupants of the intercepting boat commanded Plaintiffs stop their vessel. Plaintiffs conveyed to these officers their intention to dock at a nearby pier belonging to James and Hilary Nebout. Upon arriving at this pier, James Nebout was hauled violently from the boat, thrown to the ground, and beaten and kicked repeatedly. As Hilary Nebout was attempting to call on her cellular phone for assistance, she was interrupted and thrown to the ground by another police officer. Michael James was thrown to the ground, beaten, and sprayed

in the face with pepper spray. Mr. Marx was also thrown to the ground and threatened with pepper spray.

Plaintiffs sued the City of Hitchcock, the City of Bayou Vista, and the City of Tiki Island, the three municipal employers of the police officers. The Plaintiffs' § 1983 cause of action is predicated on the claim that the officers' use of excessive force, committed under color of state law, violated Plaintiffs' federal constitutional rights guaranteed by the Fourth, Sixth and Fourteenth Amendments. The liability of the municipal employers of the police officers is based on the claim that the Defendant municipalities have adopted a constitutionally deficient "policy, custom, and usage" in that the municipalities "have failed to adopt policies of adequate arrest and seizure training, psychological testing, training in the use of reasonable force, interdepartmental response, off-duty procedures, and proper stop and arrest procedure with suspected misdemeanants." Plaintiffs further allege that the municipal Defendants failed to adopt these ameliorative policies despite having received notice of prior civil rights violations, and despite the fact that these prior violations were "persistent, widespread, and common."

With original jurisdiction invoked on the basis of the § 1983 claim, the Plaintiffs also seek to have two state law tort claims adjudicated under this Court's supplemental jurisdiction. Plaintiffs allege that the officers' conduct during the arrests amounts to an intentional infliction of emotional distress, while the arrests themselves amount to false imprisonment.

## II. ANALYSIS

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants have moved to dismiss Plaintiffs' § 1983 and state law tort claims on the grounds that they fail to state a claim upon which relief can be granted. In the alternative, Defendants have moved pursuant to Fed.R.Civ.P. 12(e) for a more definite statement of the custom, practice or policy

Plaintiffs allege caused a deprivation of their civil rights.

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. Of Harris County,* 836 F.2d 921, 926 (5th Cir.1988). Finally, the Court notes that recent judicial attempts to impose a "heightened pleading standard" for § 1983 claims against municipalities have been expressly rejected by the Supreme Court. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 167, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) ("We think it impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by the Federal Rules."). Thus § 1983 claims against municipalities are governed by the standard of Fed.R.Civ.P. 8(a)(2), and Plaintiffs need only submit "a short and plain statement of the claim showing the pleader is entitled to relief."

### 1) Plaintiff's Claims under § 1983

Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other prop-

er proceeding for redress...." 42 U.S.C. § 1983. "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir.1989).

Before Plaintiffs can successfully assert § 1983 as a valid cause of action against Defendants, Plaintiffs must first identify one or more specific constitutionally protected rights that have been infringed. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989).

▆▆▆ Because Plaintiffs' suit names three municipalities as defendants, Plaintiffs must also allege a basis for municipal liability. Although municipalities are "persons" within the meaning of § 1983, they may only be held liable if the constitutional harm suffered was the result of an "official policy, custom, or pattern." *See Monell v. Dept. of Social Services*, 436 U.S. 658, 692–94, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978); *Burns v. City of Galveston*, 905 F.2d 100, 102 (5th Cir.1990). Municipalities may not be held liable under either a theory of respondeat superior or vicarious liability. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 817, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036; *Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc). In addition, municipalities may not be held liable under § 1983 for mere negligence in oversight. *See Rhyne v. Henderson Cty.*, 973 F.2d 386, 392 (5th Cir.1992) (*citing City of Canton v. Harris*, 489 U.S. 378, 387, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989)).

▆▆▆ In limited circumstances, it is possible to make the required showing that the constitutional deprivations resulted from an "official policy, custom, or pattern" by demonstrating that the municipality failed to train or supervise its officers, or adopted improper hiring and retention practices. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 387, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989) (holding that "inadequacy of police training may serve as a basis for § 1983 liability" but only where "the failure to train amounts to deliberate indifference to the rights of the persons with whom the police come into contact"). But while the failure of a municipality to adopt proper policies may sometimes amount to an "official policy, custom, or pattern", this is truly the exceptional case. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404–05, 117 S.Ct. 1382, 1388–89, 137 L.Ed.2d 626 (1997) (declaring that "[i]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality ... the plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."). The actions of the municipality before and after the event in question shed light on the actual policy or custom in existence.

The Court notes that actually establishing liability under § 1983 for failure to properly train the police officers in Defendants' employ is a difficult task. At trial, Plaintiffs must show evidence of a custom or policy, which caused Plaintiffs' injuries, and which is attributable to either the City of Hitchcock, the City of Bayou Vista, or the City Tiki Island. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984) (en banc). More than one instance of constitutional injury is normally required to demonstrate such a policy or custom. *See Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir.1997). Furthermore, the Defendants are not necessarily liable just because they employ some alleged tortfeasors. *See Brown*, 520 U.S. at 403, 117 S.Ct. at 1387.

▆▆▆ But Plaintiffs are not yet at the summary judgement or trial stage, so the only issue is whether they have stated a claim which survives Defendants' 12(b)(6) motion. Here, Plaintiffs have alleged a constitutional violation, specifically a violation of the Fourth, Sixth, and Fourteenth

Amendments. Plaintiffs have alleged that Defendants' agents acted under color of law. Plaintiffs have alleged that the police officer's conduct was the result of inadequate training by Defendants, and that the failure to institute appropriate ameliorative changes in the training regimen is a deliberate municipal act amounting to an official custom, policy or practice. Moreover, Plaintiffs have alleged the existence of more than a single, isolated incident of misconduct, since according to Plaintiffs, the Defendants received notice of prior civil right violations that were "persistent, widespread, and common." If these allegations are ultimately proven true, they might suffice to establish municipal liability. Given that Plaintiffs' allegations must be viewed in the light most favorable to their position, *see Malina*, 994 F.2d at 1125, and given that the Court is forbidden to impose any "heightened pleading standard" in this § 1983 action, *see Leatherman*, 507 U.S. at 167, 113 S.Ct. at 1163, the Court concludes that Plaintiffs have stated a claim for which relief may be granted. Accordingly, Defendants' Motion to Dismiss is **DENIED** with respect to Plaintiffs' § 1983 claim.

■ Turning to Defendants' Motion for More Definite Statement, the Court observes that the Federal Rules of Civil Procedure do not contemplate the pleading of all relevant facts in intimate detail. *See Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959) ("In view of the great liberality of Fed.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."); *see also Leatherman* (rejecting a heightened pleading standard for 1983 claims against municipalities). "Consequently, a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Fra-*

*zier v. Southeastern Pennsylvania Transp. Auth.*, 868 F.Supp. 757, 763 (E.D.Pa.1994).

■ If, however, "a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading", Rule 12(e) permits the party to "move for a more definite statement before interposing a responsive pleading." In making such a motion, the moving party must "point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e). However, a motion for a more definite statement may not be used as a substitute for discovery. *See Mitchell*, 269 F.2d at 132.

■ Defendants ask that Plaintiffs be compelled to specifically identify the custom, practice or policy of each Defendant that is alleged to have caused a deprivation of the Plaintiffs' constitutional rights, and to specifically identify, for each Defendant, the manner or mechanism by which its policy, custom, or practice caused the deprivation of rights. As is to be expected at this nascent stage of the suit, Plaintiffs' Complaint is not replete with specific details as to the precise custom, practice, or policy Defendants are alleged to have adopted. However, the Plaintiffs have described Defendants' policy or custom as consisting of the failure to adopt "adequate arrest and seizure training, psychological testing, training in the use of reasonable force, interdepartmental response, off-duty procedures, and proper stop and arrest procedure with suspected misdemeanants." The Court finds this to be an intelligible description of the basis of Plaintiffs' claims, which suffices to give Defendants fair notice of those claims. It is not so vague as to prevent Defendants from framing a responsive pleading. Greater factual specificity can be developed during discovery. Accordingly, Defendants' Motion to Require More Definite Statement is **DENIED.**

### 2) *Plaintiff's State Law Tort Claims*

■ A Texas municipality cannot be held liable for causes of action brought under Texas common law unless the Texas Legislature has expressly waived that city's governmental immunity. *See University of Texas Medical Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994). This immunity has only been waived as to claims brought pursuant to the Texas Tort Claims Act ("TTCA"), Tex.Civ.Prac. & Rem.Code Ann. § 100.001–101.109 (Vernon 1997). *See Lowe v. Texas Tech. University,* 540 S.W.2d 297, 298–99 (Tex.1976). Thus, Plaintiff's common-law causes of action against the three municipalities are not legally cognizable unless they are clearly waived by the TTCA. *See York,* 871 S.W.2d at 177; *Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980).

■ Plaintiff alleges false imprisonment and intentional infliction of emotional distress—both intentional torts under Texas law. The TTCA provides that a municipality cannot be liable for any claims "arising out of assault, battery, false imprisonment, or any intentional tort...." Tex.Civ.Prac. & Rem.Code Ann. § 101.057(2). A review of Plaintiff's Complaint reveals that her intentional tort allegations are not waived by the TTCA. Therefore, these claims are absolutely barred by sovereign immunity. *See City of San Antonio v. Dunn,* 796 S.W.2d 258, 261 (Tex.App.—San Antonio 1990, writ denied) (holding that no waiver of municipal liability existed under the TTCA where plaintiff's claims arose out of allegations of intentional torts, including false arrest and excessive force); *Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 266–67 (Tex.App.—Corpus Christi 1975, writ ref'd n.r.e.); *accord Jones v. Houston Independent School District,* 979 F.2d 1004, 1007 (5th Cir.1992). Defendants are entitled to dismissal of Plaintiffs' state law claims of false imprisonment and intentional infliction of emotional distress. Consequently, all such claims are **DISMISSED WITH PREJUDICE.**

### 3) *The Future of this Case*

While it is certainly not the Court's place to formulate Plaintiffs' litigation strategy, the Court is frankly puzzled by Plaintiffs' failure to assert state law claims against the individual officers. Anticipating that Plaintiffs may eventually elect to assert such claims against the individual officers, the Court foresees the likelihood of a time consuming, expensive, and ultimately futile litigation experience for Plaintiffs in this federal tribunal. As previously discussed, the burden of establishing a municipal "custom or practice" is a very heavy one. While the Court finds Plaintiffs have successfully stated a § 1983 claim, there is a significant risk that, even after a reasonable discovery period, their § 1983 claim will not survive dispositive motions. Plaintiffs are cautioned that in the event their § 1983 claim is eliminated from this case, the Court will immediately decline to exercise supplemental jurisdiction over any state law claims remaining in this action. Should this occur, the time and toil expended to litigate this claim in federal court will have been wasted. While Plaintiffs are certainly welcome to litigate their case in this Court, it may well be that, all things considered, a less expensive and more satisfactory result would be obtained in a Texas state court.

### CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss for Failure to State a Claim is **DENIED** with respect to Plaintiffs' claims under 42 U.S.C. § 1983, and **GRANTED** with respect to all of Plaintiffs' intentional tort claims under state law. Plaintiffs' claims under state law are all **DISMISSED WITH PREJUDICE.** Defendants' Motion to Require More Definite Statement is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including mo-

tions to reconsider or the like. In due course, the Court will enter a Final Judgment on all claims dismissed herein.

**IT IS SO ORDERED.**