ACCEPTED
03-15-00405-CV
8231515
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 4:52:27 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

12/14/2015 4:52:27 PM

JEFFREY D. KYLE
Clerk

_____

DARRELL J. HARPER,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellees*.

_____

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

_____

**APPELLEE THE STATE OF TEXAS' BRIEF**

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General
for Civil Litigation

KAREN D. MATLOCK
Chief, Law Enforcement
Defense Division

DANIEL C. NEUHOFF*
Assistant Attorney General

OFFICE OF THE ATTORNEY
GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2080
Fax: (512) 936-2109

Counsel for Appellee
*Attorney-In-Charge

# TABLE OF CONTENTS

STATEMENT OF THE CASE.................................................................................1

STATEMENT REGARDING ORAL ARGUMENT ..............................................2

ISSUES PRESENTED.........................................................................................3

STATEMENT OF FACTS ...................................................................................4

SUMMARY OF THE ARGUMENT ....................................................................5

ARGUMENT .......................................................................................................6

    A. Standard of Review ..............................................................................6
    B. Harper is a Vexatious Litigant..............................................................6
        1. Criteria for Finding a Litigant Vexatious.......................................7
        2. The Trial Court did not Abuse its Discretion when it found there was no Reasonable Probability that Harper will Prevail in the Current Litigation...............................................................................8
        3. The Trial Court did not abuse its discretion when it Found Harper Exceeded the Litigation Requirements of Chapter 11. ..................10
        4. The Trial Court did not Abuse its Discretion when it Dismissed Harper's Claims after he failed to furnish the security. ................11

PRAYER...........................................................................................................12

NOTICE OF ELECTRONIC FILING.................................................................14

CERTIFICATE OF SERVICE ...........................................................................14

CERTIFICATE OF COMPLIANCE...................................................................15

TABLE OF AUTHORITIES

**Cases**

*BMC Software Belg. N.V. v. Marchand*, 83 S.W.3d 789, 801 (Tex. 2002)..............6

*Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). .............................................6

*City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ)........................................................................................................9

*City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995)................................8

*Cronen v. Ray*, 2006 WL 2547989, at *4 (Tex. App.—Houston [14th Dist.] 2006, pet. Denied)(mem. op.) .......................................................................................9

*Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264 (Tex. 1980) ....................................................................................................................8

*Douglas v. American Title Co.*, 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ...........................................................................................6

*Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.) ..........6, 10

*Lowe v. Texas Tech. Univ.*, 540 S.W.2d 297, 298-99 (Tex. 1976).......................8, 9

*Nebout v. City of Hitchcock*, 71 F. Supp. 2d 702, 707 (S.D. Tex. 1999) .................8

*Univ. of Texas Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994)..............8, 9

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 11.051...............................................................6, 7

TEX. CIV. PRAC. & REM. CODE § 11.052...............................................................7

TEX. CIV. PRAC. & REM. CODE § 11.054............................................... 7, 8, 11

TEX. CIV. PRAC. & REM. CODE § 11.055...............................................................7

TEX. CIV. PRAC. & REM. CODE § 11.056...............................................................7

TEX. CIV. PRAC. & REM. CODE § 11.057...............................................................12

TEX. CIV. PRAC. & REM. CODE § 11.101...............................................................7

TEX. CIV. PRAC. & REM. CODE § 11.102...............................................................7

TEX. CIV. PRAC. & REM. CODE § 101.021...............................................................9

TEX. CIV. PRAC. & REM. CODE § 101.022...............................................................9

TEX. CIV. PRAC. & REM. CODE § 101.057...............................................................9

STATEMENT OF THE CASE

On October 13, 2014, Plaintiff-Appellant Darrell J. Harper ("Harper"), an offender currently incarcerated in the Texas Department of Criminal Justice ("TDCJ") Ellis Unit, filed suit for damages in the amount of $3,000,000 against the State of Texas for harassment, entrapment, false incarceration, false arrest and malicious prosecution. C.R. at 4-5. On November 18, 2014, Texas filed its motion to have Harper declared a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code. C.R. at 19.

On January 20, 2015, the district court held a hearing and granted Texas' motion to have Harper declared a vexatious litigant and ordered him to furnish security in the amount of $2500 by March 2, 2015. C.R. at 86. Harper failed to furnish the required security on time. On May 29, 2015, the district court entered its Final Judgment that Harper was determined to be vexatious and failed to furnish the required security and dismissed his case as to all claims and Defendants. C.R. at 254.

## STATEMENT REGARDING ORAL ARGUMENT

The defendant-appellee, the State of Texas, does not request oral argument before the Court.

## ISSUES PRESENTED

Whether the district court abused its discretion when it concluded that Harper is a vexatious litigant when, within the past seven years, he commenced, prosecuted, or maintained at least nine litigations as a pro se litigant, not in small claims court, that were finally determined adversely to him?

Whether the district court abused its discretion when it concluded that Harper is a vexatious litigant when there is not a reasonable probability that he would prevail in the current litigation against the defendant?

STATEMENT OF FACTS

Harper was incarcerated for the offense of terroristic threat. C.R. 4-5 & 19. Since Mar. 1, 2011, Mr. Harper has commenced, prosecuted or maintained 12 separate civil lawsuits. Nine of these cases have been finally determined adversely to Mr. Harper.

On Aug. 20, 2012, *Harper v. State of Texas*, No. D-1-GN-11-000623, was dismissed for want of prosecution. C.R. 31. On Dec. 19, 2012, *Harper v. State of Texas*, No. D-1-GN-12-002702, was dismissed with prejudice. C.R. 34. On Oct. 8, 2013, *Harper v. State of Texas, et al.*, No. D-1-GN-12-003417, was dismissed with prejudice. C.R. 36-37. On Aug. 8, 2014, *Harper v. State of Texas, et al.*, No. D-1-GN-12-003624, was dismissed for want of prosecution. C.R. 45. On Aug. 8, 2014, *Harper v. Grizzard*, No. D-1-GN-12-003656, was dismissed for want of prosecution. C.R. 45. On Aug. 8, 2014, *Harper v. City of Houston*, No. D-1-GN-12-003735, was dismissed for want of prosecution. C.R. 45. On Aug. 8, 2014, *Harper v. Knutson*, No. D-1-GN-12-003820, was dismissed for want of prosecution. C.R. 45. On Aug. 25, 2014, *Harper v. City of Austin*, No. D-1-GN-13-001126, was dismissed for want of prosecution. C.R. 55. On Nov. 14, 2014, *Harper v. Tex. Comm'n on Jail Standards*, No. D-1-GN-14-001263, was dismissed without prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. C.R. 59.

A total of nine cases have been determined adversely to Harper.

4

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion because Harper is a vexatious litigant and was properly dismissed by the district court after he failed to furnish security. Harper's claims have no reasonable probability to prevail because he cannot overcome the State of Texas' entitlement to sovereign immunity. Furthermore, Harper exceeds the requisite number of filings in the past seven years to qualify as a vexatious litigant.

<u>ARGUMENT</u>

**A.    Standard of Review.**

A trial court's determination that a Plaintiff is a vexatious litigant is reviewed under an abuse of discretion standard. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.); *Douglas v. American Title Co.*, 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The Court can only find an abuse of discretion if the trial court "acts in an arbitrary or capricious manner without reference to any guiding rules or principles." *Harris*, 204 S.W.3d at 905 (*quoting Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). "The court's decision must be 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id*. (*quoting BMC Software Belg. N.V. v. Marchand*, 83 S.W.3d 789, 801 (Tex. 2002)). Thus the Court must apply these principles when determining whether the trial court's application of the vexatious litigant statute constitutes an abuse of discretion.

**B.    Harper is a Vexatious Litigant.**

The trial court found Harper to be a vexatious litigant and ordered him to furnish security in the amount of $2500 by March 2, 2015 to proceed in the case. C.R. 86. Chapter 11 provides that a defendant may move the court for an order determining that a plaintiff is vexatious and requiring the plaintiff to furnish security for the defendant's benefit to proceed with his case. TEX. CIV. PRAC. & REM. CODE

§ 11.051. On the filing of a motion under § 11.051, the litigation is stayed until after the motion's disposition. TEX. CIV. PRAC. & REM. CODE § 11.052. If, after hearing the evidence on the motion, the Court grants the motion, it "shall order the plaintiff to furnish security for the benefit of the moving defendant" to be paid by a date determined by the Court. TEX. CIV. PRAC. & REM. CODE § 11.055. If the plaintiff fails to pay the security within the court's deadline, the court *shall* dismiss the litigation. TEX. CIV. PRAC. & REM. CODE § 11.056 (emphasis added). The word "shall" shows that this is not discretionary. This is a mandatory requirement.

Additionally, a court may, *sua sponte* or on any party's motion, issue an order prohibiting a person from filing additional *pro se* litigation in Texas unless the person first obtains permission to sue from a local administrative judge. TEX. CIV. PRAC. & REM. CODE § 11.101. The administrative judge screens subsequent litigations to ensure each: (1) has merit; and (2) was not filed for harassment or delay. TEX. CIV. PRAC. & REM. CODE § 11.102. The administrative judge has discretion regarding whether to require the furnishing of security for the defendant's benefit. TEX. CIV. PRAC. & REM. CODE § 11.102(e).

## 1. Criteria for Finding a Litigant Vexatious

Under section 11.054, a court may find a plaintiff a vexatious litigant if the defendant shows there is no reasonable probability the plaintiff will prevail in the litigation against the defendant, and that the plaintiff, in the seven preceding years,

7

"has commenced, prosecuted, or maintained [pro se] at least five litigations other than in a small claims court" that were: (1) finally determined against him; (2) are permitted to remain pending at least two years without having been brought to trial; or (3) "determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure." TEX. CIV. PRAC. & REM. CODE § 11.054(1). The claims may be filed in either state or federal court.

## 2. The Trial Court did not Abuse its Discretion when it found there was no Reasonable Probability that Harper will Prevail in the Current Litigation.

The trial court did not abuse its discretion when it found that Harper failed to overcome the State of Texas's protection from suit by sovereign immunity. It is well settled that sovereign immunity precludes suit against the State unless the Legislature creates a waiver through "clear and unambiguous language." *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995); *Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264 (Tex. 1980). The State of Texas cannot be held liable for causes of action brought under Texas common law unless the Texas Legislature has expressly waived governmental immunity. *Nebout v. City of Hitchcock*, 71 F. Supp. 2d 702, 707 (S.D. Tex. 1999)(holding that a Texas municipality cannot be held liable for causes of action brought under Texas common law unless the legislature has expressly waived governmental immunity)(citing *Univ. of Texas Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994)). "This immunity has only been waived as to claims brought pursuant to the Texas Tort

Claims Act." *Id.* (citing *Lowe v. Texas Tech. Univ.*, 540 S.W.2d 297, 298-99 (Tex. 1976)). The Texas Tort Claims Act (TTCA) creates a limited waiver of sovereign immunity for certain damages: (1) arising from the operation of a motor-driven vehicle or motor-driven equipment; (2) those caused by a condition or use of tangible personal or real property; or (3) certain claims arising from premises defects. TEX. CIV. PRAC. & REM. CODE § 101.021 & 101.022.

However, the TTCA's waiver of sovereign immunity does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE § 101.057. This is an express non-waiver of sovereign immunity. False arrest, malicious prosecution and false imprisonment are intentional torts and the Tort Claims Act does not waive immunity for intentional torts. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ)(Holding plaintiff's claims fail because most of plaintiff's allegations are for intentional torts—false arrest, malicious prosecution, defamation and the Tort Claims Act does not waive immunity for intentional torts); *Cronen v. Ray*, 2006 WL 2547989, at *4 (Tex. App.—Houston [14th Dist.] 2006, pet. Denied)(mem. op.)(Holding that appellant sued appellees for false arrest and false imprisonment. These constitute intentional torts and therefore are barred.).

Harper sued the state of Texas for harassment, entrapment, false incarceration (imprisonment), false arrest, and malicious prosecution. Accordingly, Harper's

9

claims against the State of Texas for malicious prosecution, false arrest and false imprisonment are barred insofar as they are intentional torts and the State of Texas does not waive sovereign immunity for intentional torts. The trial court did not abuse its discretion by ruling so.

Harper's claims that the State of Texas is liable for harassment and entrapment are not covered by the Tort Claims Act's limited waiver of immunity. Harassment and entrapment do not fall into one of the three claims giving rise to the limited waiver of sovereign immunity. They do not arise from the operation or use of a motor vehicle. They are not caused by a condition or use of tangible personal or real property. Finally, they are not claims that arise from a premises defect. Harper's claims against the State of Texas for harassment and entrapment are barred by the doctrine of sovereign immunity, as the trial court correctly found. The trial court referred to these rules and guidelines when making its determination that Harper had not reasonable probability of success in this litigation. The trial court did not act "in an arbitrary or capricious manner without reference to any guiding rules or principles." *Harris*, 204 S.W.3d at 905. To the contrary, the trial court followed both Chapter 11 and Chapter 101 of the Texas Civil Practice and Remedies Code as well as relevant case law in making its determination.

**3. The Trial Court did not abuse its discretion when it Found Harper Exceeded the Litigation Requirements of Chapter 11.**

The trial court found that, within the seven years before the State of Texas filed its motion to declare Harper a vexatious litigant, Harper filed at least nine litigations, not in small claims court that meet the criteria of Chapter 11. Harper only needed to commence, prosecute, or maintain five litigations as a pro se litigant other than in a small claims court that were finally determined adversely to him. TEX. CIV. PRAC. & REM. CODE. §11.054(1)(A). All of Mr. Harper's nine previous litigations were dismissed and, as such, were determined adversely to Mr. Harper. C.R. 31, 34, 36-37, 45, 55, & 59. In order to be determined a vexatious litigant, Mr. Harper need only have filed five such claims in the past seven years, which criteria he has exceeded. *See Supra* Appellee's Brief at 4. Accordingly, the trial court determined Harper qualifies as a vexatious litigant under section 11.054(1).

The State of Texas sent a notice of hearing and an amended notice of hearing to Harper, informing him that a hearing on the motion to declare him vexatious would be held at 2:00 p.m. on Tuesday, January 20, 2014. C.R. 61-62, 68-69. The trial court also sent a letter informing the warden at Harper's unit of assignment to make Harper available to appear at the hearing by phone on the date of the hearing. C.R. 80. The trial court held the hearing and declared Harper to a vexatious litigant pursuant to section 11.054 of the Texas Civil Practice and Remedies Code and ordered him to furnish security of $2500 by March 2, 2015. This was not an abuse of discretion.

**4. The Trial Court did not Abuse its Discretion when it Dismissed Harper's Claims after he failed to furnish the security.**

The trial court did not abuse its discretion when, pursuant to section 11.057 of the Texas Civil Practice and Remedies Code they dismissed Harper's litigation after he failed to furnish security by March 2, 2015. "The Court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order." Tex. Civ. Prac. & Rem. Code § 11.057. This is not discretionary. If a plaintiff does not furnish the security the case will be dismissed. On May 29, 2015, more than two months after the court required Harper to furnish security and he did not do so, the court dismissed his case. C.R. 254. The trial court did not abuse its discretion when it dismissed Harper's case because it did not have discretion to do so, the outcome was statutorily mandated.

PRAYER

Defendant State of Texas requests the Court affirm the decision of the court below in declaring Harper to be a vexatious litigant and dismissing his case when he failed to furnish the required security.

Date: December 14, 2015

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

12

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/ Daniel C. Neuhoff
**DANIEL C. NEUHOFF**
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 24088123

Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109
daniel.neuhoff@texasattorneygeneral.gov

**ATTORNEYS FOR APPELLEE STATE OF TEXAS**

## NOTICE OF ELECTRONIC FILING

I, **DANIEL C. NEUHOFF**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing Brief in accordance with the electronic filing system for the Third Court of Appeals on this the 14th day of December, 2015.

/s/ Daniel C. Neuhoff
**DANIEL C. NEUHOFF**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **DANIEL C. NEUHOFF**, Assistant Attorney General of Texas, certify that a true and correct copy of the above and foregoing **APELLEE'S BRIEF** has been served by placing it in the United States Mail, postage prepaid, on December 14, 2015, addressed to:

Darrell J. Harper, No.1957729
TDCJ - Ellis Unit
1697 FM 980
Huntsville, TX 77343
*Plaintiff Pro Se*

/s/ Daniel C. Neuhoff
**DANIEL C. NEUHOFF**
Assistant Attorney General

14

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies this brief complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4.

1.     Exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1, this brief contains 2,046 words, including headings and footnotes.

2.     This brief has been prepared in proportionally spaced typeface using: Microsoft Word 2010 in Times New Roman, size 14 for text.

3.     The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Texas Rule of Appellate Procedure 9.4 may result in the court's striking the brief and imposing sanctions against the person signing the brief.

/s/ Daniel C. Neuhoff
**DANIEL C. NEUHOFF**
Assistant Attorney General

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

_____

DARRELL J. HARPER,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellees*.

_____

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

_____

**APPELLEE THE STATE OF TEXAS' BRIEF**

_____

# APPENDIX
## TABLE OF CONTENTS

**Exhibit A**          Order dated Jan. 20, 2015

**Exhibit B**          Final Judgment dated May 29, 2015

**Exhibit C**          Tx. Civ. Prac. & Rem. §11.051

**Exhibit D**          Tx. Civ. Prac. & Rem.  §11.052

**Exhibit E**          Tx. Civ. Prac. & Rem. §11.054

**Exhibit F**          Tx. Civ. Prac. & Rem. §11.055

**Exhibit G**          Tx. Civ. Prac. & Rem. §11.056

**Exhibit H**          Tx. Civ. Prac. & Rem. §11.057

**Exhibit I**          Tx. Civ. Prac. & Rem. §11.101

**Exhibit J**          Tx. Civ. Prac. & Rem. §11.102

**Exhibit K**          Tx. Civ. Prac. & Rem. §101.021

**Exhibit L**          Tx. Civ. Prac. & Rem. §101.022

**Exhibit M**          Tx. Civ. Prac. & Rem. §101.057

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellees*.

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit A
Order dated Jan. 20, 2015

Filed In The District Court
of Travis County, Texas
on_____ /-20-15 _____ by
at_____ 2:30 p. M.
Velva L. Price, District Clerk

**CAUSE NO. D-1-GN-14-004224**

| | | |
|---|---|---|
| **Harper, Darrell J.,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **State of Texas** | § | |
| *Defendant* | § | **201ST JUDICIAL DISTRICT** |

## ORDER

On this date, the Court considered **Defendant State of Texas' Motion to Have Plaintiff Declared a Vexatious Litigant Under Chapter Eleven of the Texas Civil Practice and Remedies Code** and the pleadings filed in the above-referenced cause. The Court finds that Defendant State of Texas' motion should be, and hereby is, **GRANTED.** The Court finds Plaintiff Darrell J. Harper is a vexatious litigant pursuant to section 11.054 of the Texas Civil Practice and Remedies Code. Plaintiff is hereby ordered to furnish security in the amount of 2500 by Mar. 2 , 2015 to proceed in this case. Failure to timely furnish security may result in dismissal of this suit.

Pursuant to section 11.101 of the Civil Practice and Remedies Code, the Court further orders that Plaintiff be prohibited from filing new litigation in any court in this State without permission from a local administrative judge in each new litigation. The clerk of the court shall forward a copy of this order to the Office of Court Administration pursuant to section 11.104 of the Texas Civil Practice and Remedies Code.

SIGNED on this the 20 day of January 2014.

_____
JUDGE PRESIDING


ENTERED

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

DARRELL J. HARPER,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellees*.

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

**APPELLEE THE STATE OF TEXAS' BRIEF**

Exhibit B
Final Judgment dated May 29, 2015

DC BK15160 PG45

CAUSE NO. D-1-GN-14004224

| | | |
|---|---|---|
| **Harper, Darrell J.,**<br>*Plaintiff* | § <br> § <br> § | **IN THE DISTRICT COURT OF** |
| **v.** | § <br> § | **TRAVIS COUNTY, TEXAS** |
| **State of Texas**<br>*Defendant* | § <br> § <br> § | **98TH JUDICIAL DISTRICT** |

## FINAL JUDGMENT

On this day came to be considered Plaintiff's failure to furnish the required security of $2,500 on or before March 2, 2015, as previously ordered by the Court.

Because Plaintiff has been determined to be a vexatious litigant and has failed to furnish the required security by the date previously ordered, his case is hereby DISMISSED as to all claims and Defendants.

SIGNED this __29__ day of __May__, 2015

_____
PRESIDING JUDGE



004063281



No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit C
Tx. Civ. Prac. & Rem. §11.051

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle A. General Provisions
        Chapter 11. Vexatious Litigants (Refs & Annos)
          Subchapter B. Vexatious Litigants

V.T.C.A., Civil Practice & Remedies Code § 11.051

§ 11.051. Motion for Order Determining Plaintiff a Vexatious Litigant and Requesting Security

Currentness

In a litigation in this state, the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order:

(1) determining that the plaintiff is a vexatious litigant; and

(2) requiring the plaintiff to furnish security.

**Credits**

Added by Acts 1997, 75th Leg., ch. 806, § 1, eff. Sept. 1, 1997.

Notes of Decisions (7)

V. T. C. A., Civil Practice & Remedies Code § 11.051, TX CIV PRAC & REM § 11.051
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit D
Tx. Civ. Prac. & Rem. §11.052

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 2. Trial, Judgment, and Appeal
Subtitle A. General Provisions
Chapter 11. Vexatious Litigants (Refs & Annos)
Subchapter B. Vexatious Litigants

V.T.C.A., Civil Practice & Remedies Code § 11.052

§ 11.052. Stay of Proceedings on Filing of Motion

Currentness

(a) On the filing of a motion under Section 11.051, the litigation is stayed and the moving defendant is not required to plead:

(1) if the motion is denied, before the 10th day after the date it is denied; or

(2) if the motion is granted, before the 10th day after the date the moving defendant receives written notice that the plaintiff has furnished the required security.

(b) On the filing of a motion under Section 11.051 on or after the date the trial starts, the litigation is stayed for a period the court determines.

**Credits**

Added by Acts 1997, 75th Leg., ch. 806, § 1, eff. Sept. 1, 1997.

Notes of Decisions (4)

V. T. C. A., Civil Practice & Remedies Code § 11.052, TX CIV PRAC & REM § 11.052
Current through the end of the 2015 Regular Session of the 84th Legislature

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit E
Tx. Civ. Prac. & Rem. §11.054

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 2. Trial, Judgment, and Appeal
Subtitle A. General Provisions
Chapter 11. Vexatious Litigants (Refs & Annos)
Subchapter B. Vexatious Litigants

V.T.C.A., Civil Practice & Remedies Code § 11.054

§ 11.054. Criteria for Finding Plaintiff a Vexatious Litigant

Effective: September 1, 2013

Currentness

A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

(A) finally determined adversely to the plaintiff;

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

**Credits**

Added by Acts 1997, 75th Leg., ch. 806, § 1, eff. Sept. 1, 1997. Amended by Acts 2013, 83rd Leg., ch. 1224 (S.B. 1630), § 3, eff. Sept. 1, 2013.

Notes of Decisions (31)

V. T. C. A., Civil Practice & Remedies Code § 11.054, TX CIV PRAC & REM § 11.054
Current through the end of the 2015 Regular Session of the 84th Legislature

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

DARRELL J. HARPER,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellees*.

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

**APPELLEE THE STATE OF TEXAS' BRIEF**

Exhibit F
Tx. Civ. Prac. & Rem. §11.055

| Vernon's Texas Statutes and Codes Annotated |
| Civil Practice and Remedies Code (Refs & Annos) |
| Title 2. Trial, Judgment, and Appeal |
| Subtitle A. General Provisions |
| Chapter 11. Vexatious Litigants (Refs & Annos) |
| Subchapter B. Vexatious Litigants |

V.T.C.A., Civil Practice & Remedies Code § 11.055

§ 11.055. Security

Currentness

(a) A court shall order the plaintiff to furnish security for the benefit of the moving defendant if the court, after hearing the evidence on the motion, determines that the plaintiff is a vexatious litigant.

(b) The court in its discretion shall determine the date by which the security must be furnished.

(c) The court shall provide that the security is an undertaking by the plaintiff to assure payment to the moving defendant of the moving defendant's reasonable expenses incurred in or in connection with a litigation commenced, caused to be commenced, maintained, or caused to be maintained by the plaintiff, including costs and attorney's fees.

**Credits**

Added by Acts 1997, 75th Leg., ch. 806, § 1, eff. Sept. 1, 1997.

Notes of Decisions (4)

V. T. C. A., Civil Practice & Remedies Code § 11.055, TX CIV PRAC & REM § 11.055
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit G
Tx. Civ. Prac. & Rem. §11.056

Vernon's Texas Statutes and Codes Annotated
　Civil Practice and Remedies Code (Refs & Annos)
　　Title 2. Trial, Judgment, and Appeal
　　　Subtitle A. General Provisions
　　　　Chapter 11. Vexatious Litigants (Refs & Annos)
　　　　　Subchapter B. Vexatious Litigants

V.T.C.A., Civil Practice & Remedies Code § 11.056

§ 11.056. Dismissal for Failure to Furnish Security

Currentness

The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order.

**Credits**

Added by Acts 1997, 75th Leg., ch. 806, § 1, eff. Sept. 1, 1997.

Notes of Decisions (2)

V. T. C. A., Civil Practice & Remedies Code § 11.056, TX CIV PRAC & REM § 11.056
Current through the end of the 2015 Regular Session of the 84th Legislature

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

DARRELL J. HARPER,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellees*.

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

**APPELLEE THE STATE OF TEXAS' BRIEF**

Exhibit H
Tx. Civ. Prac. & Rem. §11.057

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 2. Trial, Judgment, and Appeal
Subtitle A. General Provisions
Chapter 11. Vexatious Litigants (Refs & Annos)
Subchapter B. Vexatious Litigants

V.T.C.A., Civil Practice & Remedies Code § 11.057

§ 11.057. Dismissal on the Merits

Currentness

If the litigation is dismissed on its merits, the moving defendant has recourse to the security furnished by the plaintiff in an amount determined by the court.

**Credits**

Added by Acts 1997, 75th Leg., ch. 806, § 1, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 11.057, TX CIV PRAC & REM § 11.057
Current through the end of the 2015 Regular Session of the 84th Legislature

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit I
Tx. Civ. Prac. & Rem. §11.101

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 2. Trial, Judgment, and Appeal
Subtitle A. General Provisions
Chapter 11. Vexatious Litigants (Refs & Annos)
Subchapter C. Prohibiting Filing of New Litigation

V.T.C.A., Civil Practice & Remedies Code § 11.101

§ 11.101. Prefiling Order; Contempt

Effective: September 1, 2013

Currentness

(a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing as provided by Subchapter B,[1] that the person is a vexatious litigant.

(b) A person who disobeys an order under Subsection (a) is subject to contempt of court.

(c) A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant.

(d) A prefiling order entered under Subsection (a) by a justice or constitutional county court applies only to the court that entered the order.

(e) A prefiling order entered under Subsection (a) by a district or statutory county court applies to each court in this state.

**Credits**

Added by Acts 1997, 75th Leg., ch. 806, § 1, eff. Sept. 1, 1997. Amended by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 9.02, eff. Jan. 1, 2012; Acts 2013, 83rd Leg., ch. 1224 (S.B. 1630), § 4, eff. Sept. 1, 2013.

Notes of Decisions (11)

Footnotes

V.T.C.A., Civil Practice & Remedies Code § 11.051 et seq.

V. T. C. A., Civil Practice & Remedies Code § 11.101, TX CIV PRAC & REM § 11.101
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document          © 2015 Thomson Reuters. No claim to original U.S. Government Works.

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit J
Tx. Civ. Prac. & Rem. §11.102

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 2. Trial, Judgment, and Appeal
Subtitle A. General Provisions
Chapter 11. Vexatious Litigants (Refs & Annos)
Subchapter C. Prohibiting Filing of New Litigation

V.T.C.A., Civil Practice & Remedies Code § 11.102

§ 11.102. Permission by Local Administrative Judge

Effective: September 1, 2013

Currentness

(a) A vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of:

(1) the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or

(2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.

(b) A vexatious litigant subject to a prefiling order under Section 11.101 who files a request seeking permission to file a litigation shall provide a copy of the request to all defendants named in the proposed litigation.

(c) The appropriate local administrative judge described by Subsection (a) may make a determination on the request with or without a hearing. If the judge determines that a hearing is necessary, the judge may require that the vexatious litigant filing a request under Subsection (b) provide notice of the hearing to all defendants named in the proposed litigation.

(d) The appropriate local administrative judge described by Subsection (a) may grant permission to a vexatious litigant subject to a prefiling order under Section 11.101 to file a litigation only if it appears to the judge that the litigation:

(1) has merit; and

(2) has not been filed for the purposes of harassment or delay.

(e) The appropriate local administrative judge described by Subsection (a) may condition permission on the furnishing of security for the benefit of the defendant as provided in Subchapter B.[1]

(f) A decision of the appropriate local administrative judge described by Subsection (a) denying a litigant permission to file a litigation under Subsection (d), or conditioning permission to file a litigation on the furnishing of security under Subsection (e), is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision. The denial of a writ of mandamus by the court of appeals is not grounds for appeal to the supreme court or court of criminal appeals.

**Credits**

Added by Acts 1997, 75th Leg., ch. 806, § 1, eff. Sept. 1, 1997. Amended by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 9.03, eff. Jan. 1, 2012; Acts 2013, 83rd Leg., ch. 1224 (S.B. 1630), § 5, eff. Sept. 1, 2013.

Notes of Decisions (5)

Footnotes

[1]

V.T.C.A., Civil Practice & Remedies Code § 11.051 et seq.

V. T. C. A., Civil Practice & Remedies Code § 11.102, TX CIV PRAC & REM § 11.102
Current through the end of the 2015 Regular Session of the 84th Legislature

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

**APPELLEE THE STATE OF TEXAS' BRIEF**

Exhibit K
Tx. Civ. Prac. & Rem. §101.021

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 5. Governmental Liability
Chapter 101. Tort Claims (Refs & Annos)
Subchapter B. Tort Liability of Governmental Units (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 101.021

§ 101.021. Governmental Liability

Currentness

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

**Credits**

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

Notes of Decisions (1438)

V. T. C. A., Civil Practice & Remedies Code § 101.021, TX CIV PRAC & REM § 101.021
Current through the end of the 2015 Regular Session of the 84th Legislature

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit L
Tx. Civ. Prac. & Rem. §101.022

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 5. Governmental Liability
Chapter 101. Tort Claims (Refs & Annos)
Subchapter B. Tort Liability of Governmental Units (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 101.022

§ 101.022. Duty Owed: Premise and Special Defects

**Effective: June 14, 2005**

Currentness

(a) Except as provided in Subsection (c), if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

(c) If a claim arises from a premise defect on a toll highway, road, or street, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property.

**Credits**

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 2005, 79th Leg., ch. 281, § 2.88, eff. June 14, 2005.

Notes of Decisions (539)

V. T. C. A., Civil Practice & Remedies Code § 101.022, TX CIV PRAC & REM § 101.022
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

No. 03-15-00405-CV

In the Court of Appeals
for the Third District of Texas
At Austin, Texas

---

DARRELL J. HARPER,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellees.*

---

On Direct Appeal from the 98th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14004224

---

**APPELLEE THE STATE OF TEXAS' BRIEF**

---

Exhibit M
Tx. Civ. Prac. & Rem. §101.057

Vernon's Texas Statutes and Codes Annotated
   Civil Practice and Remedies Code (Refs & Annos)
      Title 5. Governmental Liability
         Chapter 101. Tort Claims (Refs & Annos)
            Subchapter C. Exclusions and Exceptions

V.T.C.A., Civil Practice & Remedies Code § 101.057

§ 101.057. Civil Disobedience and Certain Intentional Torts

Currentness

This chapter does not apply to a claim:

(1) based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion; or

(2) arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

**Credits**

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

Notes of Decisions (164)

V. T. C. A., Civil Practice & Remedies Code § 101.057, TX CIV PRAC & REM § 101.057
Current through the end of the 2015 Regular Session of the 84th Legislature

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.